In re the **HIGHWAY EQUIPMENT CO., Highlift Equipment Co., Debtor and Debtor-in-possession.**

The **HIGHWAY EQUIPMENT CO., Plaintiff,**

v.

**KNOX EQUIPMENT LEASING–1981, LTD., et al., Defendants.**

**Bankruptcy No. 1–85–01667.
Adv. No. 1–85–0274.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Oct. 18, 1988.

John B. Pinney, Charles G. Heyd, Cincinnati, Ohio, for plaintiff.

Frederick J. McGavran, Douglas E. Hart, Cincinnati, Ohio, for defendants.

DECISION and ORDER ON:

(1) MOTION OF ROSSIN and SNIDER FOR SUMMARY JUDGMENT;
(2) PLAINTIFF'S CROSS–MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST SAID DEFENDANTS; and
(3) MOTION TO JOIN FREVERT AS A PARTY DEFENDANT

BURTON PERLMAN, Bankruptcy Judge.

This adversary proceeding is brought by a plaintiff who is a Chapter 11 debtor in this court, against an entity identified as Knox Equipment Leasing–1981, Ltd. ("Knox"), and a large number of individual defendants. The plaintiff was a dealer in heavy Caterpiller Equipment, and sold a number of units to Knox. Upon default, plaintiff repossessed the equipment and sold it. In the present proceeding, plaintiff seeks to recover from the defendants the deficiency resulting after the sale.

Two of the defendants, Stanley Cohen and Harrison Snider, named in the complaint, have died. Their personal representatives, Jay Rossin for Stanley Cohen, and Mary Lou Snider for Harrison Snider, have been substituted in this proceeding for their respective decedents. James W. Frevert is co-personal representative with Mary Lou Snider of the Estate of Harrison Snider, and plaintiff seeks to join Frevert as a party in this proceeding. Apart from that motion, now before us are two other motions. In the first, defendants Jay Rossin, personal representative of the Estate of Stanley Cohen, deceased, and Mary Lou Snider, personal representative of the Estate of Harrison Snider, deceased, move to dismiss themselves as parties defendant herein. The basis for their motion is the failure of plaintiff to file timely claims in the Florida probate proceedings for the estates of Stanley Cohen and Harrison Snider. Plaintiff opposes such motion, and has filed a cross-motion in which it seeks a declaration from this court that the personal representatives are bound by the final judgment rendered in this court. The same issues will be determinative of all three motions and consequently we deal with all three motions in this Decision and Order.

The relevant facts are not disputed. Prior to their deaths, personal service in this adversary proceeding were obtained over defendants Stanley Cohen and Harrison Snider. Stanley Cohen died March 6, 1986. Jay Rossin was appointed his personal representative in the Probate Court of Florida on March 18, 1986. Harrison Snider died December 7, 1986. Mary Lou Snider was appointed his personal representative on December 16, 1986. A Florida statute, § 733.702, provides:

(1) No claim or demand against the decedent's estate that arose before the death of the decedent, including claims of the state and any of its subdivisions, whether due or not, direct or contingent, or liquidated or unliquidated; no claim for funeral or burial expenses; no claim for personal property in the possession of the personal representative; and no claim for damages, including, but not limited to, an action founded on fraud or another wrongful act or omission of the decedent, is binding on the estate, on the personal representative, or on any beneficiary unless presented:

(a) Within 3 months from the time of the first publication of the notice of administration, even though the personal representative has recognized the claim or demand by paying a part of it or interest on it or otherwise.

\* \* \* \* \* \*

(2) No cause of action heretofore or hereafter accruing, including, but not limited to, an action founded upon fraud or other wrongful act or omission, shall survive the death of the person against whom the claim may be made, whether an action is pending at the death of the person or not, unless the claim is filed in the manner provided in this part and within the time limited.

Pursuant to the foregoing statute, Rossin published a notice on March 28, 1986 advising that all claims were to be filed by June 28, 1986. Mary Lou Snider published a notice on December 22, 1986 stating that all claims against the Estate of Harrison Snider were to be filed by March 22, 1987. (There is a dispute of fact presented by counsel in their memoranda as to whether plaintiff's counsel was in fact advised of the death of Harrison Snider prior to March 22, 1987. It is doubtful that the kind of passing reference relied upon by defendant in this regard can serve as actual notice. In any case, we prefer to base our denial of the motion of defendants for summary judgment upon grounds other than this issue of fact.)

In its memorandum contra, that of the moving defendants for summary judgment, plaintiff opposes the motion for two reasons. The first is that the moving personal representatives were by agreement substituted as defendants for their respective decedents in this proceeding on August 6, 1987. This, says plaintiff, is determinative of the issues here presented because such substitution was pursuant to Rule 25(a)(1) of the F.R.Civ.P., and that rule determines survivorship of the claim in each instance against the respective estate, not Florida law. This ground of opposition, however, cannot resolve the issues here presented. The motion here presented by defendants has nothing to do with the regularity of their joinder as defendants here. Rather does it have to do with a contention that even if these defendants remain as parties to this action, such litigation as to them is pointless because plaintiff is precluded by the Florida nonclaim statute from now asserting a claim against either estate in Florida.

We therefore proceed to the second ground upon which plaintiff opposes the motion of defendants, for such second ground does indeed squarely meet the contention of defendants. Such second ground by plaintiff is that a recent decision of the U.S. Supreme Court is directly applicable to the Florida statute upon which the moving defendants rely and, based upon that case, good ground for a holding that the Florida statute is unconstitutional is shown. That case is *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. ——, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988).

In its *Pope* decision, the Supreme Court held that, if the identity of a creditor was known or reasonably ascertainable to a decedent's personal representative, the due process clause requires that the creditor be given actual notice by mail or other means reasonably designed to ensure that actual notice is received. Notice by publication is not adequate, and a state's probate nonclaim statute cannot bar a creditor's claim where a known or reasonably ascertainable creditor was not given actual notice of the decedent's death and the requirement that a claim must be filed.

The Supreme Court relied upon its earlier Fourteenth Amendment cases in reaching its conclusions in *Pope*. Beginning with the case of *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), it was held that state action affecting property must generally be accompanied by notification of that action to those having an interest in that property. The Court in *Pope* then went on to discuss *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), where it was held that a mortgagee's interest in real property sold for taxes could not be cut off without his having been given actual notice of the sale. Notice by publication was found to be insufficient to provide due process to the mortgagee under the Fourteenth Amendment. After reviewing its

previous decisions, the Supreme Court in *Pope* then found that an unsecured creditor's claim against a probate estate is property protected by the Fourteenth Amendment and that the operation of a nonclaim statute in connection with probate proceedings constitutes state action.

While the nonclaim statute in *Pope* was that of the State of Oklahoma, it appears to be indistinguishable in principle from the Florida statute now before us. This is a strong showing that the Florida statute is unconstitutional. For that reason, we must conclude that the moving defendants have failed to show, as required by Rule 56 of the F.R.Civ.P., that they are entitled to judgment as a matter of law. Their motion therefore must fail.

From this conclusion, it follows that the motion to join James W. Frevert, co-personal representative of the Estate of Harrison Snider, should be granted, since it has not been established that the co-personal representative, Mary Lou Snider, is not a proper party defendant. Such motion will accordingly be granted.

This leaves before us, then, the question of whether our application of the *Pope* case here ought to lead us to a ruling that plaintiff is entitled to collect its claim, if it is successful in establishing liability in this court, against the respective Florida probate estates. But in taking such a position, plaintiff is failing to recognize that there is a difference between obtaining a judgment against a personal representative and the enforcement of that judgment against the probate estate. As we have already indicated, the personal representatives who are defendants in this case have not shown that plaintiff may not proceed to judgment against them on the present claim. But this does not mean that plaintiff has shown that it is entitled to a declaration that it is entitled to recover from the probate estates in Florida if they succeed in establishing liability here.

The indicated procedure in the event of such a finding of liability would be for plaintiff to file claims against the respective probate estates in Florida. At most, what *Pope* does for plaintiff is show that it would most likely be unconstitutional for the Florida Probate Court to reject such claims on the basis of the Florida nonclaim statute. There is no showing by plaintiff that unconstitutionality of the Florida nonclaim statute must automatically require that the Florida Probate Court allow the claims. The collectability of any judgment obtained by plaintiff against the respective estates is simply not part of the present litigation, and, except to the extent of showing the likelihood of unconstitutionality of the Florida nonclaim statute by analogy to the Oklahoma statute as held in *Pope*, the parties have not litigated that issue fully. We have no idea what issues would arise in the Florida Probate Court on the present question and it is beyond the bounds of the present litigation to adjudicate that question.

Accordingly, plaintiff's motion for partial summary judgment will be denied because plaintiff has failed to show that it is entitled to judgment as a matter of law, as required by Rule 56 of the F.R.Civ.P. In addition, the motion of defendants Rossin and Snider for summary judgment is denied. The motion to join James W. Frevert, co-personal representative of the Estate of Harrison Snider, as a party defendant is granted.

So Ordered.