DATE: _Aug 16 1976_

_____
Administrator, NASA

DATE: _Dec 17, 1976_

Charles E. HARDER, etc., Plaintiff,

v.

J. Thomas RAFFERTY, etc., Defendant.

No. 88–1334–CIV—T–17(B).

United States District Court,
M.D. Florida,
Tampa Division.

May 16, 1989.

Anthony P. Valente, Jr., Knaust & Byrne, St. Petersburg, Fla., for plaintiff.

Donald E. Hemke, Carlton, Fields, Ward, Emmanuel Smith & Cutler, Tampa, Fla., for defendant.

ORDER ON MOTION

KOVACHEVICH, District Judge.

The cause is before the Court on Defendant's motion to dismiss or in the alterna-

tive motion for summary judgment, filed November 2, 1988; Plaintiff's response, filed November 23, 1988; court-ordered joint memorandum of law, filed February 16, 1989; Defendant's statute of limitations memorandum, filed April 10, 1989; Plaintiff's statute of limitations memorandum, filed April 21, 1989; and Defendant's reply memorandum, filed May 1, 1989.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–7 (5th Cir.1979), quoting *Gross v. Southern Railway Co.,* 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322, 106 S.Ct. at 2552–53, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(c) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.,* at p. 324, 106 S.Ct. at p. 2553, 91 L.Ed.2d at p. 274.

The complaint in this cause of action was filed on September 6, 1988, by Plaintiff Charles E. Harder, as personal representative of the estate of Mildred V. Rafferty, f/k/a Mildred V. Harder and against J. Thomas Rafferty, as personal representative of the estate of Charles Phillip Rafferty. The complaint alleges the following facts as relevant to the claim raised by the complaint:

1. Charles Phillip Rafferty (C.P. Rafferty), as husband of Mildred Rafferty/Harder (Rafferty/Harder), had a duty to provide adequate medical attention to Rafferty/Harder, to refrain from neglecting her medical needs, to refrain from preventing others from providing her adequate medical attention, and to refrain from acting in such a manner as to cause her harm or worsen her medical health. C.P. Rafferty breached his duty to Rafferty/Harder by neglecting her medical need, preventing others from providing adequate medical attention and by acting in a manner as to cause her harm and worsen her medical health.

2. Rafferty/Harder died on September 26, 1986, at St. Joseph's Hospital, Tampa, Florida. The death was directly and proximately caused by the wrongful acts, negligence, abuse, carelessness, and neglect of C.P. Rafferty.

3. Charles E. Harder (C.E. Harder) is the sole survivor of Rafferty/Harder.

4. C.P. Rafferty was a resident of the State of Florida at the time of his death. However, the estate of C.P. Rafferty is being probated in the Putnam County Circuit Court, Greencastle Indiana, Probate Case No. 67CO01–9901–ES 2–1.

5. On or about June 27, 1968, C.P. Rafferty and Rafferty/Harder entered into an Antenuptial Agreement.

6. During the course of the marriage, C.P. Rafferty took for his own use and enjoyment funds of Rafferty/Harder in excess of $10,000.00, forged her signa-

ture to gain access to her private funds, and immediately preceding and following her death converted property and funds of Rafferty/Harder, including household furnishings, jewelry, money, and an automobile.

The complaint contained the following counts: 1) wrongful death, 2) conversion, and 3) prayer for injunctive relief.

At the time of the filing the court-ordered joint memorandum of law, the parties agreed to the following as undisputed facts relevant to the pending motions:

1. At the time of her death on September 24, 1986, Rafferty/Harder was married to C.P. Rafferty, the decedent whose Indiana estate is the defendant herein.

2. C.E. Harder, sole survivor of Rafferty/Harder was appointed personal representative of her estate. During his tenure as personal representative C.E. Harder chose not to file an action against C.P. Rafferty, then alive and a resident of Florida. On November 16, 1987, C.E. Harder was discharged from his duties as personal representative of his mother's estate by the Circuit Court for Pinellas County, Florida, Probate Division.

3. On December 25, 1987, C.P. Rafferty died in the State of Florida. At the time of death, he owned an interest in the assets of a farm located in Putnam County, Indiana.

4. On January 18, 1988, the Rafferty estate was opened in the circuit court of Putnam County, Indiana. (C.E. Harder filed an individual claim, as only heir at law of Rafferty/Harder, against the estate on June 9, 1988. [Exhibit B to memorandum in support of motion to dismiss]).

5. On August 9, 1988, the Rafferty/Harder estate was reopened in Pinellas County and C.E. Harder was renamed personal representative. On motion of C.E. Harder to amend the Indiana claim, the circuit court granted the motion to reflect the claimant to be C.E. Harder as personal representative of Rafferty/Harder.

6. The Rafferty Estate moved for reconsideration of the amendment on August 23, 1988, and on August 25, 1988, the Putnam County circuit court denied the motion for leave to amend claim. C.E. Harder objected on September 14, 1988.

7. On September 16, 1988, the circuit court entered an order granting the motion of the estate for summary judgment and dismissing the claim of C.E. Harder, individually, against the estate with prejudice. Harder filed motion for rehearing/to correct error in that judgment, which where denied.

8. C.E. Harder filed a praecipe for record on appeal, pre-appeal statement, and the record of proceedings between October and December of 1988. Subsequently, he filed two motions for extension of time to file appellate brief, in January, 1989.

By order of March 28, 1989, 709 F.Supp. 1111, this Court denied the motion to dismiss or alternatively for summary judgment as to all issues except for the issue of whether or not the asserted claims are time-barred. The Court deferred ruling on the statute of limitations question and ordered the parties to file supplemental memorandum of law addressing the issue of whether this cause of action is barred under the law of the State of Indiana.

Previously, Defendant asserted that the applicable statute of limitations is the Indiana Code at Section 29–1–14–1, while Plaintiff alleged that Section 733.702, Florida Statutes was appropriately applied. The Court did not agree with Plaintiff that the applicable statute of limitations in this cause is to be found at Section 733.702. The estate involved here is not a Florida estate; there is an Indiana estate involved, against which Plaintiff seeks to assert a claim.

■ The Court found that the appropriate statute of limitations is that of the State of Indiana. Defendant alleges that the applicable statute of limitations of Indiana provides that claims must be filed five (5) months after the date of the first published notice to creditors. The first notice to creditors was published January 20, 1988, five months thereafter being June 20,

1988. This action was not filed until September 6, 1988, approximately seven and one-half months after the first notice of administration.

If the section recited by Defendant was the only applicable statute, the Court might agree that this cause of action is barred. However, there is a second section of the probate code of Indiana which is relevant and applicable to this case. Indiana Probate Code Section 29-1-14-1(f) states, in relevant part:

> Nothing in this section shall affect or prevent the enforcement of a claim for injury to person or damage to property arising out of negligence against the estate of a deceased tort-feasor within the period of the statute of limitations provided for such tort action and for the purpose of enforcing such a tort claim the estate of the tort-feasor may be opened or reopened and suit filed against the special representative of the estate within the period of the statute of limitations of such tort. However, any recovery against the tort-feasor's estate shall not effect any interest in the assets of the estate unless such suit was filed within the time allowed for filing claims against the estate.

Therefore, the Court finds that this cause of action, the tort claims filed here, is not barred by the Indiana probate code, as the parties have not disputed they were filed within the period of limitations for such tort actions. *Langston v. Estate of Cuppels by Miller*, 471 N.E.2d 17 (Ind.App. 3 Dist.1984). The remaining issues: the constitutionality of the Indiana non-claim statute; what assets, if any, are available to Plaintiff if judgment is obtained; whether or not Plaintiff was a reasonably ascertainable creditor of Defendant estate are not issues that this Court is required to decide at this time.

If Plaintiff prevails in this cause of action, which is strictly limited to the tort claims, he will have a judgment. The collectability of that judgment is a separate issue and not part of this litigation.

With judgment in hand, assuming for the sake of argument that Plaintiff prevails, Plaintiff must then seek the jurisdiction of the State of Indiana to collect the judgment and at that time the Indiana Court will be faced with what, if any, assets are available for satisfaction of any judgment obtained. *In re Highway Equipment Co.*, 91 B.R. 454 (Bkrtcy.S.D.Ohio 1988). The jurisdiction of the Court is not constrained by the lack of assets for collection; if Plaintiff chooses to pursue an action that may not yield any compensation, that is his choice. If the tort claims turn out to be frivolous and without arguable merit, Defendant may file any appropriate motion for sanctions. Accordingly, it is

ORDERED that the motion to dismiss or for alternatively for summary judgment be denied and Defendant has ten (10) days from this date in which to file an answer to the complaint.

DONE and ORDERED.