Charles E. HARDER, etc., Plaintiff,

v.

J. Thomas RAFFERTY, etc., Defendant.

No. 88–1334–CIV–T–17(B).

United States District Court,
M.D. Florida,
Tampa Division.

March 28, 1989.

Anthony P. Valente Jr., Knaust & Byrne, St. Petersburg, Fla., for plaintiff.

Donald E. Hemke, Carlton, Fields, Ward, Emmanuel Smith & Cutler, Tampa, Fla., for defendant.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

The cause is before the Court on Defendant's motion to dismiss or in the alternative motion for summary judgment, filed November 2, 1988; Plaintiff's response, filed November 23, 1988; and court-ordered joint memorandum of law, filed February 16, 1989.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947).

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–7 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.,* 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.,* at p. 323, 106 S.Ct. at p. 2553, 91 L.Ed.2d at p. 274.

The complaint in this cause of action was filed on September 6, 1988, by Plaintiff Charles E. Harder, as personal representative of the estate of Mildred V. Rafferty, f/k/a Mildred V. Harder and against J. Thomas Rafferty, as personal representative of the estate of Charles Phillip Rafferty. The complaint alleges the following facts as relevant to the claim raised by the complaint:

1. Charles Phillip Rafferty (C.P. Rafferty), as husband of Mildred Rafferty/Harder (Rafferty/Harder), had a duty to provide adequate medical attention to Rafferty/Harder, to refrain from neglecting her medical needs, to refrain from preventing others from providing her adequate medical attention, and to refrain from acting in such a manner as to cause her harm or worsen her medical health. C.P. Rafferty breached his duty to Rafferty/Harder by neglecting her medical need, preventing others from providing adequate medical attention and by acting in a manner as to cause her harm and worsen her medical health.

2. Rafferty/Harder died on September 26, 1986, at St. Joseph's Hospital, Tampa, Florida. The death was directly and proximately caused by the wrongful acts, negligence, abuse, carelessness, and neglect of C.P. Rafferty.

3. Charles E. Harder (C.E. Harder) is the sole survivor of Rafferty/Harder.

4. C.P. Rafferty was a resident of the State of Florida at the time of his death. However, the estate of C.P. Rafferty is being probated in the Putnam County Circuit Court, Greencastle Indiana, Probate Case No. 67CO01–9901–ES 2–1.

5. On or about June 27, 1968, C.P. Rafferty and Rafferty/Harder entered into a Antenuptial Agreement.

6. During the course of the marriage, C.P. Rafferty took for his own use and enjoyment funds of Rafferty/Harder in excess of $10,000.00, forged her signature to gain access to her private funds, and immediately preceding and following her death converted property and funds of Rafferty/Harder, including household furnishings, jewelry, money, and an automobile.

The complaint contained the following counts: 1) wrongful death, 2) conversion, and 3) prayer for injunctive relief.

At the time of the filing the court-ordered joint memorandum of law, the parties agreed to the following as undisputed facts relevant to the pending motions:

1. At the time of her death on September 24, 1986, Rafferty/Harder was married to C.P. Rafferty, the decedent whose Indiana estate is the defendant herein.

2. C.E. Harder, sole survivor of Rafferty/Harder was appointed personal representative of her estate. During his tenure as personal representative C.E. Harder chose not to file an action against C.P. Rafferty, then alive and a resident of Florida. On November 16, 1987, C.E. Harder was discharged from his duties as personal representative of his mother's estate by the Circuit Court for Pinellas County, Florida, Probate Division.

3. On December 25, 1987, C.P. Rafferty died in the State of Florida. At the time of death, he owned an interest in the assets of a farm located in Putnam County, Indiana.

4. On January 18, 1988, the Rafferty estate was opened in the circuit court of Putnam County, Indiana. (C.E. Harder filed an individual claim, as only heir at law of Rafferty/Harder, against the estate on June 9, 1988. [Exhibit B to mem-

orandum in support of motion to dismiss]).

5. On August 9, 1988, the Rafferty/Harder estate was reopened in Pinellas County and C.E. Harder was renamed personal representative. On motion of C.E. Harder to amend the Indiana claim, the circuit court granted the motion to reflect the claimant to be C.E. Harder as personal representative of Rafferty/Harder.

6. The Rafferty Estate moved for reconsideration of the amendment on August 23, 1988, and on August 25, 1988, the Putnam County circuit court denied the motion for leave to amend claim. C.E. Harder objected on September 14, 1988.

7. On September 16, 1988, the circuit court entered an order granting the motion of the estate for summary judgment and dismissing the claim of C.E. Harder, individually, against the estate with prejudice. Harder filed motion for rehearing/to correct error in that judgment, which were denied.

8. C.E. Harder filed a praecipe for record on appeal, pre-appeal statement, and the record of proceedings between October and December of 1988. Subsequently, he filed two motions for extension of time to file appellate brief, in January, 1989.

## DOCTRINE OF PRIOR EXCLUSIVE JURISDICTION

■ Defendant's initial argument for dismissal or summary judgment is that under the doctrine of prior exclusive jurisdiction it is inappropriate for this Court to exercise jurisdiction. If two suits, one in state court and one in federal court, are suits *in rem* or *quasi in rem:*

> ... so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other ... [T]he court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other ...

*Princess Lida of Thurn and Taxis v. Thompson,* 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939).

A federal court may exercise its jurisdiction to "adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court." *Markham v. Allen,* 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946). The jurisdiction of the federal court includes adjudicating the rights of a party in the *res* though the *res* is in the jurisdiction of the state court, i.e. adjudicating "a claim against an estate in federal court where the assets of the estate are under the control of a state court," so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property. *Markham,* 326 U.S. at 494, 66 S.Ct. at 298; *1st National Credit Corp. v. Von Hake,* 511 F.Supp. 634 (D.Utah 1981). The debt established by the money judgment in federal court must "take its place and share of the estate as administered by the probate court, and it cannot be enforced by process directly against the property of the decedent." *Waterman v. Canal–Louisiana Bank & Trust Co.,* 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80 (1909).

The complaint in this cause seeks relief for claims of wrongful death and conversion (Counts I and II). These claims do not require this Court to possess or control the *res* which is within the jurisdiction of the Indiana probate court. Plaintiff seeks a money judgment against the defendant estate. The motion to dismiss based on prior exclusive jurisdiction is denied.

## ABSTENTION

Defendant next requests, if the Court determines that there is jurisdiction, that the Court abstain from exercising its jurisdiction. Defendant asserts that abstention is justified on three individual doctrines as found in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Colo-*

rado River Water Conservation District v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); and Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

■■■ A federal court should abstain from a case, brought in an equity situation, wherein a state's sovereign functions would be interfered with by a federal court action. Younger, 401 U.S. 37, 91 S.Ct. 746, as extended to civil actions by Trainor v. Hernandez, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) and Board of Education of Valley View v. Bosworth, 713 F.2d 1316 (7th Cir.1983). Count III of the complaint is a claim for injunctive relief seeking the equitable relief of enjoining the distribution of the assets of the estate of decedent Charles Phillip Rafferty by the personal representative. The Court finds that the complaint does not seek to interfere with the sovereignty of the State of Indiana by seeking an equitable relief against the state's procedures; rather, it seeks to enjoin the actions of the individual personal representative in distribution of the assets of an individual estate. The Court does not find abstention required by Younger and its progeny.

■■ A court should refuse to enforce or protect legal rights where the exercise of those rights may be prejudicial to public interest and with regard for the rightful independence of states in carrying out domestic policy. Burford, 319 U.S. 315, 63 S.Ct. 1098. The Court finds that abstention is not appropriate pursuant to Burford.

■■ In Colorado River, the Supreme Court enumerated the following factors to be considered in the trial court's discretionary determination of whether or not abstention is proper: 1) whether one of the courts has assumed jurisdiction over the property; 2) the inconvenience of the federal forum; 3) the potential for piecemeal litigation; 4) the order in which the forums obtained jurisdiction; 5) whether federal or state law will be applied; and 6) the adequacy of each forum to protect the parties rights. The Court may also consider the relative progress of the state and federal proceedings and the presence or absence of concurrent jurisdiction.

1. Assumption of jurisdiction over property.

The probate court in Indiana has assumed jurisdiction over the property of the defendant estate. However, this Court has determined in preceding paragraphs that this action is not an action in rem. The absence of this factor "speaks against abstention." Evanston Insurance Co. v. Jimco, Inc., 844 F.2d 1185 (5th Cir.1988).

2. Inconvenience of Federal forum.

The actions which Plaintiff asserts constituted wrongful death and conversion against the Indiana estate occurred in Florida; therefore the likelihood is that the necessary witnesses and evidence are convenient to this Federal court. Defendants, indeed, do not argue that this forum is less convenient that the state forum. This factor weighs against abstention.

3. Potential for piecemeal litigation.

Defendants claim that allowing this cause amounts to duplication of litigation. The prevention of duplicative litigation is not a factor to be considered in determination of the propriety of abstention. Evanston, 844 F.2d at 1192.

4. Order of obtaining jurisdiction.

Jurisdiction in the probate case in Indiana was obtained on January 18, 1988. Jurisdiction in this cause was obtained on September 6, 1988. Jurisdiction in the state case was clearly obtained prior to federal jurisdiction. This is but one factor for the Court's consideration and is not dispositive. Evanston, 844 F.2d at 1192.

5. Application of federal or state law.

The complaint asserts two substantive claims for wrongful death and conversion. The causes of action alleged are asserted to have occurred in Florida; therefore, Florida substantive law on conversion and wrongful death would be applicable. The administration of the probate case in

Indiana for defendant estate is governed by Indiana state law. The presence of state law issues weighs in favor of abstention "only in rare circumstances." *Evanston*, 844 F.2d at 1193.

6. Adequacy of each forum to protect parties' rights.

This factor is either a neutral one or one that weighs against, not for abstention. Even assuming, for the sake of the motion only, that Plaintiff could find adequate protection in the state forum, he is not precluded from pursuing a parallel action in the federal forum. *Evanston*, 844 F.2d 1193.

After consideration of the relevant factors, with the balance initially weighted heavily in favor of the exercise of jurisdiction, the Court finds that abstention is not appropriate on the basis of the reasoning of the *Colorado River* case. The motion to abstain in this cause is denied.

## FAILURE TO STATE A CLAIM FOR RELIEF PURSUANT TO RULE 12(b)(6)

■ Defendant asserts two separate basis for dismissal under this general heading; that the claims are barred by the doctrine of *res judicata*, and/or, by the applicable statute of limitations.

The doctrine of *res judicata* bars a plaintiff, after the entry of a final judgment, from future claims based on the same cause of action, including all claims which might have been brought in that action. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). There must be a judgment rendered 1) on the merits, 2) by a court of competent jurisdiction on 3) issues which were or could have been litigated in the prior proceeding and 4) the present action involves the same parties.

The sequence of events in the Indiana court is relevant and bears repeating here. The probate case was filed on January 18, 1988. On June 9, 1988, Plaintiff here filed a "claim" against the estate, as sole heir to Mildred Rafferty, and alleged unjust enrichment, undue influence, and wrongful death. Defendant, as personal representative of the estate, filed a motion for summary judgment on August 1, 1988, and

contended that as a matter of law Plaintiff Harder, in his individual capacity or as heir, was not the proper party, but rather the personal representative of the estate of Mrs. Rafferty was the proper party.

Thereafter, on August 9, 1988, Plaintiff had the estate of his mother reopened in Pinellas County and he was reappointed as personal representative. Plaintiff then went to the Indiana court and asked to amend his claim to substitute in Charles E. Harder as personal representative rather than in an individual capacity. On August 15, 1988, the Indiana granted the motion to amend the claim.

On August 23, 1988, the estate filed a motion to reconsider the leave to amend, on the basis that Indiana law prohibited an amendment to a claim where the action sought was not actually an amendment but was a wholly new action brought by a separate party, by a personal representative rather that the individual claimant. On August 25, 1988, the circuit judge vacated its earlier order, granted the motion to reconsider, and denied the motion for leave to amend claim.

The circuit court thereafter took the motion for summary judgment under consideration. A judgment was issued September 16, 1988, wherein the Court granted the motion for summary judgment against Claimant Charles E. Harder and dismissed his claim with prejudice, for lack standing to sue in his individual capacity.

It is clear from this rendition of the facts that the doctrine of *res judicata* in inapplicable here. There is no identity of parties. Defendant asserted in the Indiana court that Charles E. Harder, individually, was a "separate" party from Charles E. Harder, as personal representative of the estate of Mildred Harder/Rafferty, and that the motion to amend was in fact an attempt to bring a wholly new action. Defendant prevailed on that assertion in the Indiana court and Charles E. Harder, as personal representative, *never* became a party to the Indiana action. Defendant cannot now be heard to contend that Charles E. Harder, as personal representative, Plaintiff in this

cause, was a party to the Indiana action and that he had those claims adjudicated in that case, in contravention of his position in the Indiana case. The motion to dismiss on the doctrine of *res judicata* is denied.

The final assertion presented by the motion to dismiss is that the cause of action is barred by the appropriate statute of limitations. Defendant asserts that the applicable statute of limitations is the Indiana Code at Section 29–1–14–1. Plaintiff alleges that Section 733.702, Florida Statutes is appropriately applied.

The Court cannot agree with Plaintiff that the applicable statute of limitations in this cause is to be found at Section 733.702. That statutory section is found in the Probate Code of the Florida Statutes, a section which was promulgated for the administration of estates and regulation of probate proceedings in the State of Florida. There is not a Florida estate involved in this cause of action; there is an Indiana estate involved, against which Plaintiff seeks to assert a claim.

The Court finds that the appropriate statute of limitations is that of the State of Indiana. Defendant alleges that the applicable statute of limitations of Indiana provides that claims must be filed five (5) months after the date of the first published notice to creditors. The first notice to creditors was published January 20, 1988, five months thereafter being June 20, 1988. This action was not filed until September 6, 1988, approximately seven and one-half months after the first notice of administration.

Plaintiff failed to address the issue of whether the cause of action was barred under the Indiana statute because he assumed the application of the Florida statutes. Upon consideration, the Court concludes that the motion and response are insufficient for the Court to form a reasoned opinion as to whether or not the claim is time-barred under Indiana law. The Court perceives that there are issues which have not been addressed, i.e., whether the publication of notice in Indiana is sufficient to bar a Florida claimant who may have not received actual notice, wheth-er or not Plaintiff was a "reasonably ascertainable" creditor or claimant so that actual notice was required. Accordingly, it is

ORDERED that the motion to dismiss or for alternatively for summary judgment be denied as to all issues except the issue of whether or not the claim is time-barred; as to the issue of statute of limitations, resolution of the motion is deferred pending the filing of further memorandum of law. Defendant, as moving party on the statute of limitations issue has up to and including April 10, 1989, to file a memorandum of law addressing only the issue of whether or not this claim is barred under Indiana law. Thereafter, Plaintiff has up to and including April 20, 1989, to file a responsive memorandum of law.

DONE and ORDERED.