**Nocif ESPAT, Plaintiff,**

v.

**Kay Ellen ESPAT, et al., Defendants.**

**Federated Life Insurance Co., Plaintiff,**

v.

**Nocif Espat, et al., Defendants.**

Nos. 98–1647–Civ–T–17B,
98–2564–Civ–T–17F.

United States District Court,
M.D. Florida,
Tampa Division.

July 19, 1999.

Beach A. Brooks, Jr., Stephen K. Brooks, P.A., Winter Haven, FL, Laura P. Denault, Law Office of Laura P. Denault, Miami, FL, C. Richard Newsome & Schwerer, L.L.P., Orlando, FL, for Nocif Espat.

Arthur C. Fulmer, Arthur C. Fuler, P.A., Lakeland, FL, David P. Healy, Polston, Dean & Healy, P.A., Tallahassee, FL, Gregory A. Chaires, Katz, Kutter, Haigler, Alderman, Bryant & Yon, P.A., Orlando, FL, for Kay Ellen Espat.

David P. Healy, Polston, Dean & Healy, P.A., Tallahassee, FL, Gregory A. Chaires, Katz, Kutter, Haigler, Alderman, Bryant & Yon, P.A., Orlando, FL, for Federated Life Ins. Co.

John A.C. Guyton, III, Rywant, Alvarez, Jones, Russo & Guyton, P.A., Tampa, FL, Arthur C. Fulmer, Arthur C. Fuler, P.A., Lakeland, FL, David P. Healy, Polston, Dean & Healy, P.A., Tallahassee, FL, Gregory A. Chaires, Katz, Kutter, Haigler, Alderman, Bryant & Yon, P.A., Orlando, FL, for Randolph Richardson.

## ORDER

KOVACHEVICH, Chief Judge.

This cause comes before the Court on the following:

1. Plaintiff NOCIF ESPAT's motion to amend and for remand, (Docket No. 11 in Case No. 98–1647–CIV–T–17B); Defendant FEDERATED LIFE INSURANCE CO. [Federated]'s response (Docket No. 18); and Defendants KAY ELLEN ESPAT and RANDOLPH RICHARDSON's response (Docket No. 31);

2. Defendant Federated's suggestion of lack of subject matter jurisdiction and supporting memorandum, (Docket Nos. 22–23 in Case No. 98–1647–CIV–T–17B); and Plaintiff Nocif Espat's response (Docket No. 28);

3. Defendant Federated's motion to dismiss Kay Ellen Espat as a named party and supporting memorandum, (Docket Nos. 36–37 in Case No. 98–1647–CIV–T–17B); and Plaintiff Nocif Espat's response (Docket No. 38);

4. Defendant Nocif Espat's motion to dismiss (Docket No. 4 in Case No. 98–2564–CIV–T–17F); and Plaintiff Federated's response (Docket No. 7); and

5. Defendant Nocif Espat's motion to dismiss the amended complaint, or in the alternative, for abstention, supporting affidavit, and supporting documents, (Docket Nos. 11, 14, and 23 in Case No. 98–2564–CIV–T–17F); Defendant Federated's response (Docket No. 17); and Defendant Richardson's joinder in Defendant Federated's response (Docket No. 22).

## BACKGROUND

In 1985, Nocif Espat obtained a whole life insurance policy from Federated on his wife Kay Ellen Espat [the Policy]. The Policy had a face value of $500,000.00. It

listed as its "owner" Kay Ellen Espat. During their marriage, Nocif Espat paid the premiums on the Policy. The Espats were divorced in 1989. As part of the Stipulation and Agreement attached to the Final Dissolution of Marriage, Nocif Espat became the owner of the Policy. However, Kay Ellen Espat continued to be listed on the Policy itself as the Policy's owner.

After the Espat's divorce, Nocif Espat continued to pay the premiums on the Policy until 1997. In 1997, Kay Ellen Espat designated a new beneficiary of the Policy, Randolph Richardson. Nocif Espat objected to the designation of a new beneficiary. After the change in beneficiary, the premiums were deducted from the accumulated cash value of the Policy.

Kay Ellen Espat was diagnosed with cancer, which had metastasized and spread to several parts of her body. On July 22, 1998, before Kay Ellen Espat's death, Nocif Espat filed a complaint for declaratory relief in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida. The complaint seeks a declaration of his rights under the Policy. It names as defendants Federated, Kay Ellen Espat, and Richardson.

On August 12, 1998, Federated filed a notice of removal in the United States District Court for the Middle District of Florida. The case was given Case Number 98–1647–CIV–T–17B, and assigned to the undersigned. On August 13, 1998, Richardson filed an answer to the complaint for declaratory relief in state court. On August 14, 1998, Federated filed in state court notice that it had filed a notice of removal of the complaint in federal court. On August 17, 1998, this Court entered an Order on Removal, finding that the petition for removal had been timely, and ordering that the case be deemed removed.

Kay Ellen Espat died on November 9, 1998. On December 12, 1998, the attorney for Kay Ellen Espat filed a suggestion of the death of Kay Ellen Espat.

On December 15, 1998, Federated filed a complaint for interpleader in this Court, naming as defendants Nocif Espat and Richardson. Federated's interpleader action was given Case Number 98–2564–CIV–T–17F, and was assigned to Judge Adams. Federated's interpleader action involved both the $500,000.00 Policy and an additional $25,000.00 policy on the life of Kay Ellen Espat. Federated has since filed an amended complaint correcting procedural deficiencies in the original complaint and has deposited in the registry of the Court the proceeds of the two life insurance policies.

Judge Adams ordered that Case Number 98–2564–CIV–T–17F be transferred to the undersigned for consideration with Case Number 98–1647–CIV–T–17B. The two cases were thereafter consolidated under Case Number 98–1647–CIV–T–17B.

## ANALYSIS

The two consolidated cases present essentially the same single factual issue: whether the proceeds of the Federated life insurance policy on the life of Kay Ellen Espat are owed to Nocif Espat or to Randolph Richardson. At this time, however, the factual issues in this case are not before the Court. Instead, the Court is faced with several complex procedural issues regarding the form in which this case will be litigated, and in what forum the case will be decided. Although presented in numerous motions, the procedural issues of the two consolidated cases are highly interrelated and will be considered together.

I. Federated's Suggestion of Lack of Subject Matter Jurisdiction (Docket No. 22 in Case No. 98–1647–CIV–T–17B)

The Court will treat Federated's suggestion of a lack of subject matter jurisdiction as a motion to dismiss for lack of subject matter jurisdiction. Federated argues on two grounds that this Court lacks subject matter jurisdiction over Case Number 98–

1647–CIV–T–17B: (1) because Federated has already deposited the funds at issue in Case Number 98–1647–CIV–T–17B in the registry of the Court pursuant to its interpleader complaint in Case Number 98–2564–CIV–T–17F, implicating the doctrine of prior exclusive jurisdiction; and (2) because Kay Ellen Espat has since died, rendering Nocif Espat's request for a declaratory judgment regarding ownership of the Policy moot.

■ First, Federated argues that its having deposited the proceeds of the Policy in the registry of the Court in connection with its interpleader complaint deprives any other court of subject matter jurisdiction over a claim regarding those funds. Federated relies on the doctrine of prior exclusive jurisdiction, or *in custodia legis*, for its argument. This doctrine provides that where "two suits are *in rem* or *quasi in rem*, so that the court must have possession or control of the *res* in order to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other." *United States v. Bank of New York & Trust Co.*, 296 U.S. 463, 477, 56 S.Ct. 343, 80 L.Ed. 331 (1936). With respect to this Court's subject matter jurisdiction, the transfer of Case Number 98–2564–CIV–T–17F to this Court and the consolidation of the two cases renders Federated's argument moot.

■ In the event that Nocif Espat's motion to remand is granted, however, the Court must consider whether the deposit of the interpleader funds with this Court would bar the remand court from hearing Nocif Espat's complaint. It would not, because the doctrine of prior exclusive jurisdiction does not apply here. The doctrine on which Federated relies governs cases in which the two competing courts proceed under jurisdiction *in rem*. Here, neither of the two cases is *in rem*. While, as a procedural matter, interpleader requires that the stakeholder deposit the fund at issue in the registry of the court, *see* 28 U.S.C. § 1335, "interpleader is

based on *in personam* jurisdiction," *Humble Oil & Refining Co. v. Copeland*, 398 F.2d 364, 368 (4th Cir.1968). Where one court holds property in its custody, another court may "adjudicate rights in that property" so long as it does not interfere with the custodial court's possession of the property except to the extent that the custodial court "is bound by the judgment to recognize the right adjudicated by the" non-custodial court. *Harder v. Rafferty*, 709 F.Supp. 1111, 1114 (M.D.Fla.1989) (quoting *Markham v. Allen*, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946)). While this case is procedurally the converse of *Harder*, the principles discussed therein apply here.

■ Second, Federated argues that the death of Kay Ellen Espat renders Nocif Espat's claim moot. Federated states that the terms of the Policy provide that the owner of the Policy may change the beneficiary while the insured is alive, but that after the death of the insured, the owner's rights end and the death benefit is payable to the beneficiary. Federated argues that because Kay Ellen Espat has died, the question of who is the owner, and therefore who has the right to designate a beneficiary, is now moot. Federated's argument begs the question raised by Nocif Espat's complaint: whether Kay Ellen Espat was the owner of the policy, and therefore entitled to change the beneficiary. If she was not, then the change in beneficiary she made may be ineffective, and Nocif Espat may be entitled to the death benefit of the Policy. In any event, as will be discussed below, Nocif Espat will be allowed to amend his complaint to add claims. Federated's motion to dismiss for lack of subject matter jurisdiction will be denied.

II. Nocif Espat's Motion to Amend and for Remand (Docket No. 11 in Case No. 98–1647–CIV–T–17B)

Plaintiff Nocif Espat moves to amend his complaint to add claims and to join as a

defendant Ed Jacobs, the insurance agent with whom Nocif Espat dealt in regard to the Policy. The counsel for Nocif Espat states in the motion that he was retained by Nocif Espat on December 1, 1998, and that his investigation of the case revealed facts which require Nocif Espat to bring additional claims and to add Jacobs as a defendant in order to recover in the full the relief to which he may be entitled. Nocif Espat wishes to add claims for reformation, negligence, breach of contract, and estoppel. Leave to amend a complaint "shall be freely given when justice so requires." Fed.R.Civ.Pro. 15(a). However, where adding a defendant will destroy diversity jurisdiction, the motion for leave to amend must be given greater scrutiny. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987).

■ The statute governing procedure after removal of an action from state court provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." 28 U.S.C. § 1447. The factors a district court should consider in determining whether to allow a plaintiff to amend a complaint to add a non-diverse defendant include the following:

> the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for the amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.

*Hensgens*, 833 F.2d at 1182.

The first factor, the extent to which the purpose of the amendment is to defeat federal jurisdiction, weighs in favor of Nocif Espat. Federated asserts that Nocif Espat has admitted that the purpose of the amendment is to destroy diversity jurisdiction, but provides no support for that assertion. To the contrary, the procedural history of this case provides several legiti-

mate reasons that Nocif Espat might wish to amend the complaint to add a party at this juncture. Most importantly, Nocif Espat retained new counsel shortly before filing the motion, and the counsel avers that the proposed amendment is the result of his investigation into the facts of the case. This is a factor other courts have recognized in finding that the purpose of a proposed amendment is not to defeat diversity jurisdiction. *See Chism v. Burlington Northern Railroad Co.*, 1996 WL 408907 (N.D.Miss. July 1, 1996). Further, at the time Nocif Espat's suit was filed, Kay Ellen Espat had not yet died. The original complaint seeks merely a declaratory judgment that Nocif Espat is the owner of the Policy. There would have been no reason to join Jacobs as a defendant to that suit.

The second factor, whether the plaintiff was dilatory in asking for the amendment, also weighs in favor of allowing Nocif Espat to amend his complaint. Federated argues that the motion to amend is dilatory because the claims against it that Nocif Espat seeks to add accrued before the action commenced. Again, Federated provides no authority in support of this argument. It is not clear that prior to the death of Kay Ellen Espat, any of the other claims under which Nocif Espat now wishes to proceed had accrued. Presumably, neither Nocif Espat nor anyone else could properly claim the proceeds of the Policy until Kay Ellen Espat was dead. Nocif Espat would not therefore have suffered any damages from Jacobs' alleged negligence or breach of contract before that event occurred. Nocif Espat moved to amend the complaint shortly after Kay Ellen Espat died. Nocif Espat also points out that there had not been any discovery attempted by either party at the time he moved to amend.

The third factor, whether the plaintiff will be injured if the motion is denied, weighs in favor of granting Nocif Espat's motion, although not strongly. Nocif Espat argues that Jacobs is the party most

responsible for Nocif Espat's injuries, and that if his motion to amend is denied, he will be forced to file a separate suit against Jacobs in state court in order to obtain adequate relief. This would require him to prosecute his case in state and federal courts. Federated states that Nocif Espat could avoid this result by making his claims against Jacobs as counterclaims in Federated's interpleader action.

Finally, the fourth factor, any other factors bearing on the equities, favor granting Nocif Espat's motion. All of the issues in this case involve Florida law. While the Court has not yet been presented with any arguments on the merits of this case, it seems that the novel circumstances of this case may present questions of first impression under Florida law. A Florida state court may therefore be better able to able to handle the potentially complex questions of Florida law that this case may present.

■ For the forgoing reasons, Nocif Espat's motion to amend and to add Jacobs as a defendant will be granted. The addition of Jacobs as a defendant will defeat diversity jurisdiction. Case Number 98–1647–CIV–T–17B will therefore be remanded to the Tenth Judicial Circuit in and for Polk County, Florida.

Because Nocif Espat will have the opportunity to amend his complaint, the Court would urge clarification of the complaint on one point. Both parties seem to assume that Nocif Espat's complaint seeks the death benefit of the $25,000.00 policy as well as the death benefit from the $500,000.00 Policy. Nocif Espat's complaint as it now stands, however, does not make clear that there are two policies, and that Nocif Espat seeks the proceeds from both of them. In order to avoid confusion of this question, the Court would urge that the amended complaint make a claim for the death benefit of the $25,000.00 policy explicit, if it is Nocif Espat's intention to seek the proceeds from that policy.

III. Federated's Motion to Dismiss Kay Ellen Espat for Failure to Substitute Parties (Docket No. 36 in Case No. 98–1647–CIV–T–17B)

Defendant Federated moves pursuant to Federal Rule of Civil Procedure 25(a) to have Kay Ellen Espat dismissed as a party. Rule 25(a) provides the procedure for a motion for substitution of the proper party on the death of a party. It requires that unless such a motion for substitution is made "not later than 90 days after the death is suggested on the record ... the action shall be dismissed as to that party." Fed.R.Civ.P. 25(a).

The suggestion of Defendant Kay Ellen Espat's death was filed on December 2, 1998. No motion was filed for a substitution of the Estate of Kay Ellen Espat as a defendant within ninety days thereafter. Plaintiff Nocif Espat does not object to the dismissal of Kay Ellen Espat as a party. Therefore, the motion to dismiss Kay Ellen Espat as a party will be granted.

IV. Nocif Espat's Motion to Dismiss or for Abstention (Docket No. 11 in Case No. 98–2564–CIV–T–25F)

■ Nocif Espat argues that dismissal or abstention with regard to Federated's interpleader action is appropriate in light of the parallel state proceedings. "It has long been recognized that the interpleader statute is remedial, aimed at assisting a party who fears the vexation of multiple claims to a fund or property under his control by providing him the opportunity to satisfy his obligation in a single proceeding." *NYLife Distributors, Inc. v. Adherence Group, Inc.*, 72 F.3d 371, 382 (3d Cir.1995). The interpleader proceeding is:

> designed to permit a disinterested stakeholder to avoid a multiplicity of suits with consequent vexation, to eliminate the danger of being required to pay the same claim to two or more individuals as a result of different findings by separate courts, and to prevent a race to secure judgments by different plaintiffs.

*Fidelity & Deposit Co. v. McKinney*, 1993 WL 43616 (E.D.La. Feb.18, 1993). In this case, Nocif Espat argues, there are only two potential claimants to the proceeds of the Policy, Nocif Espat and Richardson, and the rights of both of those parties to the funds will be determined in the case brought by Nocif Espat. There is thus no reason for an interpleader action to proceed as well.

Federated argues that, despite the existence of an earlier-filed action involving the same issues, funds, and parties, resort to interpleader was necessary in order to ensure that the court resolving the dispute had personal jurisdiction over Richardson, who is not a resident of Florida. This does not explain to the Court's satisfaction why Federated filed a separate interpleader action, rather than a counterclaim for interpleader in Case Number 98–1647–CIV–T–17B, as Federal Rule of Civil Procedure 13(a) would seem to require in these circumstances. That case had already been removed to federal court by the time that Federated filed its action.

█ Furthermore, as Nocif Espat points out, Randolph waived any objection to personal jurisdiction by filing an answer to the suit filed by Nocif Espat in state court. *See* Fed.R.Civ.Pro. 12(h). Federated argues that the Randolph's filing of an answer was a legal nullity because the state court had been deprived of subject matter jurisdiction the day before Randolph's answer was filed, when Federated filed its notice of removal with this Court. However, Federated did not file with the state court a copy of the notice of removal until the day after Randolph's answer was filed there. The statute governing procedure for removal provides that a defendant removing a case to federal court, after filing the notice of removal with the federal court, "shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, *which shall ·effect the removal* and the State court shall proceed no further unless and until the case is remanded." 28

U.S.C. § 1446 (emphasis added). The state court was not divested of subject matter jurisdiction until after Randolph filed his answer. On remand, the state court will properly have before it both claimants to the proceeds of the Policy. Resort to interpleader is not necessary to protect Federated against the possibility of multiple suits; rather, it is the interpleader action itself that creates the possibility of duplicative suits.

**[10]** A district court has the discretion to dismiss or abstain from an interpleader action where there are parallel state proceedings involving the same parties and issues. *See National Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 20–22 (2d Cir.1997); *NYLife*, 72 F.3d at 382. The Fifth Circuit case holding to the contrary, *Boston Old Colony Insurance Co. v. Balbin*, 591 F.2d 1040 (5th Cir.1979), has been called into question in light of more recent Supreme Court decisions contradicting the principles on which the court in that case relied. *See Crommelin v. Woodfield*, 1998 WL 188101 (S.D.Fla. March 2, 1998) (discussing *Boston Old Colony* in light of *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) and *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)); *see also, National Union*, 108 F.3d at 21 (discussing the applicability of *Wilton* to interpleader proceedings); *NYLife*, 72 F.3d at 382–83 (same). Having considered intervening Supreme Court cases discussed by the *Crommelin* court, this Court agrees with the *Crommelin* court that *Boston Old Colony* is no longer good law.

Both the *National Union* and the *NYLife* courts discussed factors a court should consider in determining whether or not it should dismiss or abstain from an interpleader action. The *National Union* court stated that "the district court's inquiry should examine 'the scope of the district court proceeding and the nature of defenses open there,' and should entail consideration of 'whether the claims of all parties in interest can satisfactorily be adjudicated

in [the pending state court proceeding].'" 108 F.3d at 22 (quoting *Wilton,* 115 S.Ct. at 2141) (citation omitted) (alteration in original). The *National Union* court stated further that "[i]n the last analysis, '[t]he question for a district court . . . is whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in state court.'" 108 F.3d at 22 (quoting *Wilton,* 115 S.Ct. at 2140) (second alteration in original). The *NYLife* court discussed similar factors, adding, however, that the district court should "evaluate the conduct of the parties in litigating both the federal and state actions to ensure that procedural fencing, forum shopping or gamesmanship is not rewarded." 72 F.3d at 383.

▪ In this case, the scope of the state court proceeding will be broader than an interpleader proceeding in this Court would be, because Nocif Espat's amended complaint will include claims alleging independent liability on the part of Federated and Jacobs. The state court proceeding will include all issues presented by the interpleader complaint, but an interpleader proceeding in this court would not include all issues before the state court. Federated will be able to present all defenses in the state court action that it could present here. Considerations of judicial economy therefore favor deferring to the state court proceeding.

Evaluating the conduct of the parties in litigating this action does not change this conclusion. At the time that Kay Ellen Espat died, Nocif Espat's complaint had already been removed to federal court. Federated could have, and should have, asserted its interpleader claim as a counterclaim in the action brought by Nocif Espat. *See* Fed.R.Civ.Pro. 13(a), (e). As the *NYLife* recommended, this Court will not reward the sort of "procedural fencing" and gamesmanship that Federated has exhibited.

Rather than dismiss Federated's complaint, however, this Court will instead stay these proceedings. "[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, insofar as it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the controversy." *NYLife,* 72 F.3d at 383 (quoting *Wilton,* 115 S.Ct. at 2143). A stay rather than a dismissal is also appropriate in this case because the funds at issue are in the registry of this Court. Once the state court proceedings are concluded, the appropriate party or parties should file a motion with this Court, and those funds will then be distributed.

Alternatively, interpleader is available as a counterclaim in Florida state courts. *See* Fla.R.Civ.Pro. 1.240. Should Federated choose to assert its interpleader claim as a counterclaim in the state court proceedings, it should dismiss its interpleader action in this court and assert such a counterclaim. This Court would then transfer the funds at issue into the registry of the state court. Accordingly, it is

**ORDERED** that:

1. Defendant Federated's suggestion of lack of subject matter jurisdiction (Docket No. 22 Case No. 98–1647–CIV–T–17B) be **DENIED;**

2. Plaintiff Espat's motion to amend and for remand, (Docket No. 11 in Case No. 98–1647–CIV–T–17B) be **GRANTED;** and that Case Number 98–1647–CIV–T–17B be **REMANDED** to the Tenth Judicial Circuit in and for Polk County, Florida;

3. Defendant Federated's motion to dismiss Kay Ellen Espat as a named party (Docket No. 36) be **GRANTED;**

4. Defendant Espat's motion to dismiss the complaint (Docket No. 4 in Case No. 98–2564–CIV–T–17F) be **DENIED,** because the subsequent filing of an amended complaint rendered it moot; and

5. Defendant Espat's motion to dismiss the amended complaint, or in the alternative, for abstention (Docket No. 11 in Case No. 98–2564–CIV–T–17F); be **GRANTED;** in that Case No. 98–2564–CIV–T–17F will be **STAYED;** and shall be **ADMINISTRATIVELY CLOSED** pending the outcome of the related proceeding remanded to state court in this Order. The parties are directed to notify the Court within ten (10) days of the resolution of the state court action the outcome of that case and that notice shall include a statement to this Court as to what action needs to be taken in the administratively closed case.