[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**February 16, 2006**
**THOMAS K. KAHN**
**CLERK**

No. 04-15491

———————

D. C. Docket No. 03-14359-CV-DLG

PIONEER METALS, INC.,

Plaintiff-Appellant,

versus

UNIVAR USA, INC.,
APPERSON CHEMICAL, INC.,
LEE H. MOORE,

Defendants-Appellees.

———————

Appeal from the United States District Court
for the Southern District of Florida

———————

**(February 16, 2006)**

Before DUBINA and KRAVITCH, Circuit Judges, and STROM*, District Judge.

———————————————————

*Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by
designation.

PER CURIAM:

Appellant, Pioneer Metals, Inc. ("Pioneer") appeals the district court's denial of Pioneer's request for leave to amend its complaint contained in its Motion to Alter, Amend, or Reconsider the district court's order dismissing Pioneer's complaint for failure to state a claim. Specifically, Pioneer sought leave to amend its complaint to state a claim under 42 U.S.C. § 9613(f)(3)(B), Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") § 113(f)(3)(B).

## I. BACKGROUND

On December 3, 2003, Pioneer filed a complaint against defendants seeking, among other things, contribution for costs associated with the environmental clean-up of its property pursuant to 42 U.S.C. § 9613(f), generally. Defendants filed a motion to dismiss for failure to state a claim contending that an action for contribution under § 9613(f)(1) requires a separate ongoing or previously completed action under CERCLA § 106 or § 107. Finding that there was no such pending or completed action against Pioneer, the district court granted the defendants' motion to dismiss without prejudice.[1] Pioneer then filed a Motion to

_____

[1] Since the district court's order, the Supreme Court has followed the same reasoning in *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157 (2004).

Amend, Alter or Reconsider the Order of Dismissal pursuant to Fed. R. Civ. P. 59(e), and within said motion sought leave to amend its complaint to assert a claim of contribution under § 9613(f)(3)(B). The district court denied Pioneer's motion. Pioneer then perfected this appeal.

## II. ISSUE

Whether the district court abused its discretion by denying Pioneer's request for leave to amend its complaint.

## III. STANDARD OF REVIEW

This court reviews an order denying leave to amend a complaint for abuse of discretion. *Spanish Broad. Sys. v. Clear Channel Commc'ns*, 376 F.3d 1065, 1077 (11th Cir. 2004). This discretion, however, is severely restricted by Federal Rule of Civil Procedure 15(a), which the Supreme Court has held allows denial of a motion to amend only under specific circumstances. *Foman v. Davis*, 371 U.S. 178, 182 (1962). These "same standards apply when a plaintiff seeks to amend after a judgment of dismissal has been entered by asking the district court to vacate its order of dismissal pursuant to Fed. R. Civ. P. 59(e)." *Id.* at 1077 (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)).

## IV. DISCUSSION

Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas*, 847 F.2d at 773 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). "The Supreme Court has emphasized that leave to amend *must* be granted absent a specific, significant reason for denial . . . ." *Spanish Broad. Sys.*, 376 F.3d at 1077(emphasis added). The permissible reasons that can justify denial of leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . .[, and] futility of amendment . . . ." *Foman*, 371 U.S. at 182. The justifying reason must be either explicitly declared or apparent. *Id.* This court has indicated that it views with great distaste district court denials of amendments without stated reasons. *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153-1154 (5th Cir. 1981).[2] When "ample and obvious grounds for denying

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981)(en banc), this court adopted as binding precedent all decisions issued by the Fifth Circuit before the close of business on September 30, 1981.

leave to amend" are present, "[t]he mere absence . . . of articulated reasons for denial does not indicate an abuse of the court's discretion." *Id.* at 1154.

In its Motion to Alter, Amend or Reconsider, Pioneer explicitly requested the court for leave to amend its complaint to state a claim for contribution in accordance with § 9613(f)(3)(B). We conclude from the record that the district court abused its discretion by reviewing Pioneer's request for leave to amend its complaint as a Motion to Reconsider when the district court had never addressed the merits of the separate and independent cause of action under subsection (f)(3)(B).[3] The district court failed to apply the standards set forth in *Foman* for denying a request for leave to amend a complaint, and thus this court must vacate the district court's order and remand for the district court to explicitly apply the correct standard in reviewing Pioneer's request.

Contrary to the defendants' contentions, the district court did not address the merits of a claim under subsection (f)(3)(B) in its order granting the defendants' motion to dismiss. Pioneer based its initial complaint on § 9613(f) generally, not pursuant to one specific subsection or the other. However, after a thorough review of the record, it is apparent to this court that the defendants only

---

[3]*See Cooper Indus., Inc.*, 543 U.S. at 584 (holding that subsections (f)(1) and (f)(3) provide "two express avenues for contribution.").

moved to dismiss Pioneer's claims under subsection (f)(1), and the district court only dismissed Pioneer's claims under subsection (f)(1). The district court's two references to subsection (f)(3) in its Order granting the defendants' motion to dismiss appeared as a corollary step in the process of considering the validity of (f)(1) without any assertion as to whether it could be applied to the present case. Thus, the references are insufficient to indicate that the court ruled on such a claim.

The grounds for denial are not apparent or obvious, and the district court's finding that Pioneer "used the rehearing mechanism to fine-tune previously made arguments or raise new arguments that were waived for failure to present them earlier in his briefs" does not sufficiently articulate that the district court was denying Pioneer's request based on futility, or any other permissible reason under *Foman*. We need not reach the merits of Pioneer's (f)(3)(B) claim, but leave that to the district court to address in the first instance.

## V. CONCLUSION

For the foregoing reasons, we vacate the district court's order denying Pioneer's request for leave to amend its complaint to assert a claim under subsection (f)(3)(B) and we remand this case to the district court to address Pioneer's request in accordance with this opinion.

**VACATED and REMANDED.**