Lou Bertha MCKENZIE–WHARTON
and Richard G. Wharton,
Plaintiffs,

v.

UNITED AIRLINES, INC., a Delaware
corporation, Defendant.

Case No: 8:15–cv–114–T–17MAP

United States District Court,
M.D. Florida,
**Tampa Division.**

Signed February 1, 2016

Gabriel A Garay, Robert L. Parks, Law
Offices of Robert L. Parks, PL, Miami,
FL, for Plaintiffs.

David J. Walz, Emmet J. Schwartzman,
Carlton Fields Jorden Burt, PA, Miami,
FL, for Defendant.

### *ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPAINT*

ELIZABETH A. KOVACHEVICH,
UNITED STATES DISTRICT JUDGE

This cause came before the Court on
Plaintiffs Lou Berth McKenzie–Wharton
and Richard G. Wharton's (collectively,
"Plaintiffs") Motion for Leave to Amend
Complaint and for Remand (Doc. 13), De-
fendant United Airlines, Inc.'s, ("United")
Response to Plaintiffs' Motion (Doc. 30),
and Plaintiffs' Reply In Support of the

Motion (Doc. 33). For the reasons that follow, Plaintiffs' Motion for Leave to Amend Complaint and for Remand is **DENIED**.

## I. Background

Plaintiffs filed a complaint alleging negligence and loss of consortium against United in state court on October 3, 2014. (Doc. 2). United removed this case on January 20, 2015. (Doc. 1). While the case was pending in state court, Plaintiffs allege they sought the identity of a United flight attendant who may have been involved in the alleged negligence. (Doc. 33). Plaintiffs also allege that they again sought the deposition of Ms. Jackson on January 20, 2015, the day that this case was removed to federal court. (Doc. 13 at 3). Plaintiffs contend that the identity of the flight attendant was not learned until United's Initial Disclosures in April of 2015. (Doc. 33). This Motion to Amend was filed on

April 27, 2015. (Doc. 13). In Response to Plaintiffs' Motion, United argues that Plaintiffs' Motion to Amend is intended to defeat diversity jurisdiction and so should be denied.

## II. Legal Standard

■ Ordinarily, pursuant to Federal Rule of Civil Procedure 15(a), the amendment of a complaint after a responsive pleading has been served, absent written consent of the opposing party, requires leave of the court, but "shall be freely given when justice so requires." Fed. R.Civ.P. 15(a)(2). Leave to amend is generally granted unless there is a significant reason for the amendment's denial. *Pioneer Metals, Inc. v. Univar USA, Inc.*, 168 Fed.Appx. 335, 337 (11th Cir.2006). Permissible reasons for denial include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the oppos-

ing party ... and [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). A court "may also consider whether undue prejudice to the movant will result from denying leave to amend." *Bamm, Inc. v. GAF Corp.*, 651 F.2d 389, 391 (5th Cir. 1981).

■ However, because Plaintiffs seek to add a non-diverse defendant after this case has been removed to federal court, Rule 15(a)'s liberal amendment standard is inapplicable. *Henry v. K–Mart Corporation*, No. 8:10–cv–2105–T–33MAP, 2010 WL 5113558, at *1–2 (M.D.Fla. Dec. 9, 2010). Instead, the governing standard is found in 28 U.S.C. § 1447(e). *Turner v. Pa. Lumbermen's Mut. Fire Ins. Co.*, No. 3:07–cv–374–J32TEM, 2007 WL 3104930, at *5 (M.D.Fla. Oct. 22, 2007). To determine whether joinder of a non-diverse defendant should be permitted after removal, factors the court must consider "are: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities." *Id.* (citing *Espat v. Espat*, 56 F.Supp.2d 1377, 1382 (M.D.Fla.1999). After weighing these factors, a district court has two options: (1) deny joinder or (2) permit joinder and remand the case to state court. *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir.1998).

## III. Discussion

United argues that the purpose of Plaintiffs' amendment is to intentionally destroy diversity, that the Plaintiffs were dilatory in seeking to add a defendant, that the Plaintiffs will not be significantly injured by this Court's denial of their motion to amend, and that the equities weigh in fa-

vor of denying the amendment. (Doc. 30). Plaintiffs, in turn, argue that the intention of the amendment is not to destroy diversity, that they were not dilatory in seeking to add a defendant because they did not know of the potential defendant's existence, and that they would be significantly injured by denial of their motion. (Doc. 13).

The first factor to be considered under 28 U.S.C. § 1447(e) is the extent to which the purpose of Plaintiffs' amendment is to defeat federal jurisdiction. *Turner*, 2007 WL 3104930 at *5. To counter United's argument that Plaintiffs' solely seek to destroy diversity, Plaintiffs contend that they have sought the identity of the additional defendant since before this case was removed to federal court. (Doc. 33 at 1–2). Plaintiffs cannot deny, however, that they learned that United disputed that the additional defendant was acting within the course and scope of her employment with United when United filed its Answer on November 7, 2014. (Doc. 13 at 1–2). Nevertheless, the Plaintiffs did not push to depose the additional defendant until after removal had been granted on January 20, 2015. (Doc. 33). Further, upon learning of United's dispute of the additional defendant's employment status from United's Answer filed on November 7, 2014, Plaintiffs' response was not to seek her immediate deposition, but rather to serve a Notice for Trial upon United. (Doc. 30–1). Plaintiffs cannot claim that the addition of the additional defendant is absolutely necessary now that removal has been granted when they were prepared to go to trial without adding her as a party before removal, and were given adequate notice of United's intent to dispute whether the additional defendant was acting within the course and scope of employment. The appropriate time to add the additional defendant was after United's Answer of November 7, 2014, not now after the case has already been removed to

federal court and the addition of the defendant would destroy diversity.

The second factor asks the Court to consider whether the Plaintiffs have been dilatory in seeking this amendment. *Turner*, 2007 WL 3104930 at *5. A plaintiff is dilatory if she has "had ample opportunity to ascertain" the identity of the non-diverse defendant she is seeking to add. *Smith v. White Consol. Indus.*, 229 F.Supp.2d 1275, 1282 (N.D.Ala.2002). United contends that Plaintiffs had "ample opportunity" to learn the identity of the non-diverse defendant and failed to do so until the case was removed to this Court. (Doc. 30 at 8–9). Plaintiffs, for their part, argue that they repeatedly sought the identity of the non-diverse defendant yet were unable to adequately identify her. (Doc. 13 at 3). As explained above, Plaintiffs, by their own admission, had learned of United's intent to dispute the employment status of the additional defendant as early as November 7, 2014. (Doc. 13 at 1–2). Plaintiffs certainly had "ample opportunity" to depose the additional defendant between the time United filed its Answer on November 7, 2014, and the date of removal, January 20, 2015. Therefore, this second factor weighs against the Plaintiffs.

The third factor to be considered is the extent to which the Plaintiffs will be injured by denial of their motion. *Turner*, 2007 WL 3104930 at *5. United argues that Plaintiffs will not be injured because of the similarity between the action brought against them and that which would be brought against the non-diverse defendant in state court. (Doc. 30 at 10). Plaintiffs argue that they will be forced to expend additional resources in litigating two different lawsuits regarding the same incident. (Doc. 13 at 4). Plaintiffs' argument falls short when considered against their quickness in pursuing trial before

removal. Plaintiffs served a Notice for Trial despite not having deposed the additional defendant. (Doc. 30–1). Because Plaintiffs themselves were ready to proceed with a separate trial for United, they cannot now argue that they will suffer significant injury from denial of the instant motion. This Court recognizes that there is a strong preference in the Middle District for not litigating "multiple lawsuits predicated upon the same series of transactions dispersed between the state and federal courts." *Miller v. Bank of Am., N.A.,* 8:13–CV–1425–T–33–AEP, 2013 WL 3805043, at *3 (M.D.Fla.2013). However, given Plaintiffs' numerous opportunities and ample time to add the additional defendant, this Court is not convinced that the Plaintiffs will suffer significant injury by denial of their motion.

The final factor to be weighed considers the equities involved. *Turner,* 2007 WL 3104930, at *5. United argues that if this Court allows Plaintiffs to add the non-diverse defendant, its "carefully planned and executed ... strategy to remove this action to this Court" would be for naught. (Doc. 30 at 11). Given Plaintiffs' ample opportunity to avoid this situation by adding the additional defendant before removal, this Court finds that the equities weigh in favor of United.

## IV. Conclusion

Accordingly, it is

**ORDERED** that Plaintiffs' Motion to for Leave to Amend Complaint and For Remand is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 1st day of February, 2016.