Everett Earl THOMAS,
Plaintiff–Appellant,

v.

TOWN OF DAVIE, et al.,
Defendants–Appellees.

No. 87–5207.

United States Court of Appeals,
Eleventh Circuit.

June 21, 1988.

Cathy Jackson Lerman, Fort Lauderdale, Fla., for plaintiff-appellant.

Michael T. Burke, Fort Lauderdale, Fla., for Town of Davie, et al.

Before KRAVITCH and CLARK, Circuit Judges, and ESCHBACH *, Senior Circuit Judge.

CLARK, Circuit Judge:

The district court dismissed Earl Thomas' § 1983 claim with prejudice and denied his motion for reconsideration. In the latter motion, plaintiff alleged "each of the defects found by this Court to render the complaint untenable are clearly subject to amendment and easily curable." We agree, and therefore reverse, and direct the district court to allow Thomas to amend his complaint.

I.

Thomas filed a five-count complaint against the defendants in state court. Because count II of the complaint was a claim

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

under 42 U.S.C. § 1983, the defendants removed the case to federal court.

Thomas' complaint alleged the following facts. On August 2, 1984, Thomas was approached by Officer Paul Yawn after Thomas had been involved in an automobile accident. When Yawn approached his vehicle, Thomas got out of the vehicle "and was in obvious need of immediate medical attention. Despite the fact that ... Yawn knew or in the exercise of reasonable care should have known that [Thomas] was in need of medical attention, Yawn proceeded to handcuff [Thomas] and drive him to the scene of the accident. [Yawn] acted with a gross and willful disregard for [Thomas'] welfare." In spite of his "medically emergent and deteriorating ... condition," and his inability to follow directions, Thomas was then given a roadside sobriety test by Officer Gregory Behrends. Both Yawn and Behrends knew or should have known that Thomas was in need of immediate attention, and they acted with a "gross and willful disregard for [his] welfare, thereby injuring, further injuring, or aggravating injuries already sustained by [him] as a direct and proximate result of [their] acts." The sobriety test showed that Thomas had a blood alcohol content of 0.0%, and Thomas was transported to the Broward County Sheriff's Office despite the fact that the defendants knew or should have known that he was in need of immediate medical attention. Thomas was held in custody until he posted bond. Employees of the Sheriff's Office, who knew or should have known of Thomas' need for immediate medical attention, then released him on to the street adjacent to the Broward County Jail, where he collapsed and was injured.

In count II of the complaint, Thomas alleged that Yawn and Behrends, through "willful, malicious and wanton disregard for [his] constitutional rights," deprived him of certain constitutional rights, while acting under color of state law. In addition, Thomas claimed that the Town of Davie and Chief of Police Robert Weatherholt, "through negligence and/or gross negligence" deprived him of the same rights, and that the Town of Davie's policy and custom regarding "the extent of train-ing and supervision of its police officers as to the appropriate method of recognizing and handling persons in need of medical attention" was grossly inadequate and its adoption demonstrated a "conscious disregard for the constitutional rights and safety of the public."

The district court dismissed Thomas' complaint with prejudice, finding that Thomas had no claim under federal law. The court withheld judgment on the state law claims (counts I, III–V) and remanded them to state court. The court found that *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), was controlling, that Thomas had failed to allege that the defendants had deliberately and intentionally denied him medical care, that Thomas' allegations were not sufficient to establish gross negligence or recklessness, and that the Town of Davie could not be held liable for the inadequate training of its officers.

## II.

### A.

■ Thomas' basic claim is that he was denied proper medical care and that his need for care was apparent. Because Thomas had not been convicted at the time he allegedly required medical care, the Eighth Amendment has no application to his claim; rather, the relevant constitutional provision is the due process clause of the Fourteenth Amendment. *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 244, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983). That clause "require[s] the responsible government or governmental agency to provide medical care to persons ... who have been injured while being apprehended by police." *Id.* at 245–46, 103 S.Ct. at 2983.

■ Although the Supreme Court in *City of Revere* did not define a city's due process obligations to a pretrial detainee, we have applied the *Estelle v. Gamble* "deliberate indifference" standard to claims of improper medical care by plaintiffs like Thomas. *See Aldridge v. Montgomery*, 753 F.2d 970, 972 (11th Cir.1985). Deliber-

ate indifference to serious medical needs may be shown by failure to provide prompt attention to those needs by delaying necessary medical treatment for nonmedical reasons or by "proving a policy of deficiencies in staffing or procedures such that the [pretrial detainee] is effectively denied access to adequate medical care." *Anderson v. City of Atlanta*, 778 F.2d 678, 686 n. 12 (11th Cir.1985); *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 704 (11th Cir. 1985); *Aldridge*, 753 F.2d at 970.

### B.

■ A complaint should not be dismissed under Fed.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). In addition, a district court's discretion to dismiss a complaint without leave to amend is "severely restrict[ed]" by Fed.R.Civ.P. 15(a), which directs that leave to amend "shall be freely given when justice so requires." *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (Former 5th Cir.1981). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* at 598. The same standards apply when a plaintiff seeks to amend after a judgment of dismissal has been entered by asking the district court to vacate its order of dismissal pursuant to Fed.R.Civ.P. 59(e). *Id.* at 597 n. 1.

We cannot say that dismissal of Thomas' § 1983 claim without leave to amend was proper. More specific allegations (e.g., why Thomas' need for medical attention was obvious, why the defendants should have known that Thomas needed medical attention) would have remedied the pleading problems found by the district court. In addition, there was no undue delay, bad faith or dilatory motive on Thomas' part,

and the defendants would not have been prejudiced by amendment of count II of the complaint. *Dussouy*, 660 F.2d at 598–99. Furthermore, it does not appear beyond doubt that Thomas cannot prove a set of facts which would entitle him to relief. *See, e.g., Ancata v. Prison Health Services, Inc.*, 769 F.2d 700 (11th Cir.1985) (reversing dismissal of a § 1983 "deliberate indifference" claim against a county, its sheriff, an entity which provided health care services to county inmates, and employees of the entity).

### III.

For the reasons set forth above, we reverse the dismissal of Thomas' complaint. On remand, Thomas will be allowed to amend his complaint.

REVERSED and REMANDED.

ESCHBACH, Senior Circuit Judge, concurring in part and dissenting in part:

The majority recites that the district court dismissed plaintiff's § 1983 claim with prejudice and denied his motion for reconsideration. In the motion for reconsideration plaintiff alleged "each of the defects found by the court to render the complaint untenable are clearly subject to amendment and easily curable." The majority agreed with this recitation in the motion for reconsideration and reversed with directions to the district court to allow plaintiff to amend his complaint.[1] While in Part III of the majority opinion, the court states "... we reverse the dismissal of Thomas' complaint ...", the opinion is not clear on whether the majority holds the district court erred in granting the motion to dismiss plaintiff's complaint or in denying the motion for reconsideration. This is critical since the standard of review is different depending on which order the majority was reversing. *Conley v. Gibson*, 355

1. Appellant's Rule 59(e) motion for reconsideration was timely served (within ten days as computed under Rule 6(a)) and therefore tolled the Fed.R.App.Proc. 4(a)(1) 30–day period for appeal of the order dismissing his complaint. Following the district court's denial of his motion

for reconsideration, Thomas filed a timely appeal, thus placing before this court an appeal of both the January 9, 1987 dismissal order and the February 20, 1987 order denying appellant's motion for reconsideration.

U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957) (establishing the standard for granting a motion to dismiss as being a conclusion "... beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."), *Rhodes v. Amarillo Hospital Dist.,* 654 F.2d 1148, 1153–54 (5th Cir. Unit A Sept.1981) (no reversal required on abuse of discretion review of denial of leave to amend provided the record discloses an apparent substantive reason for the district court's action).

It seems apparent, however, from the text of the opinion that the majority in discussing the possible amendment which could be made to the complaint, conceded deficiencies in the complaint and reversed the denial of the motion for reconsideration which sought leave to amend the complaint. Our standard of review at that posture of the case is abuse of discretion. *Thomas v. Farmville Manufacturing Company, Inc.,* 705 F.2d 1307 (11th Cir.1983).

While I differ with the majority in this case, the result of the majority opinion as it relates to the plaintiff's claim against the two officers is essentially correct. I arrive at that conclusion by a different route. In my view the original complaint was sufficient to state a claim against officers Yown and Behrends. While the call is close, we review the district court's order of dismissal *de novo* for error of law. *Simmons v. Peavy–Welsh Lumber Co.,* 113 F.2d 812 (5th Cir.1940). *See also Rae v. Union Bank,* 725 F.2d 478, 479–80 (9th Cir.1984). Thus, the district court was in error as to the stated claim against the officers and must be reversed. In this context my difference with the majority lies in my belief that in reviewing the denial of reconsideration under an abuse of discretion standard, the denial of the motion for reconsideration as to Yawn and Behrends was not error. In his post-dismissal motion for reconsideration, the plaintiff makes absolutely no showing whatever as to how the "defects" in the complaint are "easily curable." No further allegations are made, no summary of additional facts or other indication of how the complaint would be amended is set forth, nor is the substance of any proposed amendment mentioned. Plaintiff merely refers back to several paragraphs in the dismissed complaint. The record itself presents no indication of how the complaint might be amended. The majority's speculation as to how the complaint "would" be amended finds no support in the record.

Rule 15(a) does reflect a predisposition in favor of post-dismissal leave to amend. In interpreting the directive of Rule 15(a) that leave to amend be "freely given when justice so requires", we have previously held that "[a] grant of leave to amend is particularly appropriate following dismissal of a complaint for failure to state a claim, and, in the absence of a declared or apparent reason, an outright refusal to grant leave to amend is an abuse of discretion." *Thomas,* 705 F.2d at 1307–08 (citation omitted). *See Martin v. Ethyl Corporation,* 341 F.2d 1, 4 (5th Cir.1965).

To date, the leading case with regard to the question of what constitutes an acceptable reason under Rule 15(a) for denial of leave to amend is *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In *Foman,* the Supreme Court listed the following examples of apparent or declared reasons that can warrant a district court's denial of leave to amend: "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." 371 U.S. at 182, 83 S.Ct. at 230. Nothing in the text of Rule 15(a), the pertinent Advisory Committee Notes, or the case law indicates that in applying the *Foman* criteria for denial of leave to amend, a district court must presume in every case that a contemplated but unspecified amendment to a previously-dismissed complaint will not be futile.

Unless the record before the district court on a motion seeking leave to amend discloses some substantive reason to believe that the requested amendment will not be futile, Rule 15(a) does not require that non-futility be assumed and leave to amend granted. When a motion for reconsideration seeking leave to amend makes

no showing or assertion of what amendments can or will be made, thus giving the district court no basis for inferring that the deficiencies in the original complaint can or will be cured, there simply is no basis for inferring that justice requires that leave to amend be granted. *See Pan–Islamic Trade Corporation v. Exxon Corporation*, 632 F.2d 539, 546–48 (5th Cir.1980), *De-Loach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir.1969). A district court that denies leave to amend in that circumstance cannot by any test be said to have engaged in an abuse of discretion.

Accepting the deficiency in the complaint as the majority has it was not error to dismiss plaintiff's complaint against the Town of Davie or Chief Weatherholt. There were simply inadequate allegations to state a claim, as to them. In addition there was no abuse of discretion in denying the motion for reconsideration as to the Town of Davie and the Chief of Police. That motion for reconsideration was one and the same as that previously described and as to the Town and Chief suffered from the same deficiencies.

Thus I would reverse the order of dismissal as to officers Yawn and Behrends and remand for further proceedings. I would affirm both the dismissal of the complaint and the denial of the motion for reconsideration as to the Town and its police chief.