Michael Anthony MLADEK, Lisa Mladek, and Christopher James Mladek, by and through his Next Friends, Plaintiffs,

v.

Charles Lewis DAY, in his Individual Capacity, Al Yarbrough, Sheriff of Walton County, Georgia, in his Individual Capacity, and Walton County, Georgia, Defendants.

No. 3:03–CV–10(CDL).

United States District Court, M.D. Georgia, Athens Division.

Nov. 20, 2003.

Wayne Hampton Basford, Marietta, GA, for Plaintiffs.

Theodore Freeman, Andrea S. Hirsch, Atlanta, GA, for Defendants.

## ORDER

LAND, District Judge.

### INTRODUCTION

Defendants have filed a motion to dismiss Plaintiffs' federal constitutional claims brought by Plaintiffs pursuant to 42 U.S.C. § 1983. Defendants also request that the Court decline to exercise supplemental jurisdiction over Plaintiffs' related state law claims. Plaintiffs contend that Defendants violated Plaintiff Michael Mladek's rights under the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution when they allegedly used excessive force during and subsequent to his arrest and when they allegedly denied him medical attention as a pretrial detainee. In addition to his claim for damages arising from these alleged constitutional viola-

tions, Plaintiff Michael Mladek has also alleged that Defendants are liable to him under state law.[1] Plaintiff Lisa Mladek, Michael's spouse, asserts state law claims for lost consortium and the intentional infliction of emotional distress. Plaintiff Christopher Mladek, Michael and Lisa's minor child, also makes a state law claim for the intentional infliction of emotional distress.

The Court finds that Plaintiff Michael Mladek has failed to allege violations of the Eighth and Fourteenth Amendments, and therefore, these claims are dismissed. The Court also grants Defendant Walton County's motion to dismiss Plaintiff Michael Mladek's Fourth Amendment claim based upon Walton County's immunity to suit under the Eleventh Amendment to the Constitution. For the same reason, the Court dismisses Plaintiff Michael Mladek's Fourth Amendment claims against Deputy Day and Sheriff Yarbrough in their official capacities. Insofar as Plaintiff asserts a Fourth Amendment claim against Sheriff Yarbrough in his individual capacity, the Court finds that Plaintiff has failed to allege adequate facts to establish a Fourth Amendment violation by Sheriff Yarbrough or to overcome his qualified immunity defense to any such claim. The Court also grants Defendants' motion to dismiss Plaintiff Michael Mladek's Fourth Amendment claim relating to the pushing he was allegedly subjected to during and after his arrest, which resulted in no physical injury, because these allegations are insufficient to state a claim for violation of the Fourth Amendment. The Court denies Deputy Day's motion to dismiss Plaintiff Michael Mladek's Fourth Amendment claim against him in his individual capacity arising from Mr. Mladek's handcuffing,

---

1. A liberal reading of Plaintiffs' Complaint reveals claims for battery, negligence, and intentional infliction of emotional distress.

which allegedly resulted in injury. Regarding that claim, the Court finds that Plaintiffs have sufficiently alleged a Fourth Amendment violation and have alleged the necessary facts to overcome Deputy Day's qualified immunity defense. Since the Court has not dismissed all of Plaintiffs' federal law claims, the Court will retain supplemental jurisdiction over Plaintiffs' state law claims.

## STANDARD

A motion to dismiss for failure to state a claim should only be granted when the facts and inferences as alleged in the pleadings, taken in the light most favorable to the plaintiff, establish as a matter of law that the plaintiff is not entitled to the relief he seeks. Fed.R.Civ.P. 12(b)(6).

## FACTS ALLEGED IN PLAINTIFFS' COMPLAINT

On February 6, 2001, Plaintiff Michael Mladek called law enforcement upon discovering that his fifteen year old stepson had left Mr. and Mrs. Mladek's residence without permission. Defendant Charles Day, a deputy sheriff with the Walton County Sheriff's Department, responded to Mr. Mladek's phone call. After speaking with Mr. Mladek, Deputy Day drove to the home of the stepson's natural father. Day returned to the Mladek home after being unable to locate the boy. A short time later, Mrs. Mladek drove onto the property with the missing stepson. While Deputy Day was speaking to the boy in his patrol car, the Mladeks started arguing outside their home. At no time during their argument did either of the Mladeks threaten or attempt to inflict any physical harm, nor were their voices raised to an extent that the agreement interfered with Deputy Day's interview of the stepson.

Notwithstanding the subdued nature of the Mladeks' argument, Deputy Day approached the couple and instructed Mr. Mladek to go inside his house. When Mr.

Mladek did not immediately comply with Deputy Day's order, Deputy Day "violently pushed" Mr. Mladek three times. Mr. Mladek told Deputy Day that he was going inside the house to call for additional law enforcement because he believed Deputy Day's behavior to be unlawful. As Mr. Mladek was using his telephone, Deputy Day entered the house without a warrant and handcuffed Mr. Mladek's right wrist. Deputy Day then "violently and forcefully yanked, pulled and slung" Mr. Mladek by his wrist, "causing serious and substantial physical and nerve injuries." Deputy Day then cuffed Mr. Mladek's other wrist and took him to the Walton County Jail, where Mr. Mladek was placed in a cell. When his handcuffs were removed, Mr. Mladek requested medical attention for his wrists, which were bruised, swollen, and cut. In response, Deputy Day pushed Mr. Mladek against a wall and rudely told him that he would not summon a doctor. Other "John Doe" defendants who were allegedly employed by Defendant Walton County witnessed Deputy Day's treatment of Mr. Mladek. Mr. Mladek asked them to get a doctor, but they refused. Mr. Mladek was given an icebag for his wrist the following morning, and was released later that day.

Mr. Mladek alleges that Defendants' conduct violated his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments. In addition to Mr. Mladek's federal law claims, Mr. Mladek, Mrs. Mladek, and their five-year old natural child, Christopher, assert state law claims in connection with the above-described events.

## DISCUSSION

■ To prevail on a § 1983 claim, Plaintiff Michael Mladek must first prove that one or more of his constitutional rights has been violated. *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). To hold a local gov-

ernment liable for a constitutional violation committed by one of its employees, Mr. Mladek must prove that the violation resulted from a custom or policy of the local government. *Griffin v. City of Opa–Locka,* 261 F.3d 1295, 1307 (11th Cir.2001). A government employee who violates someone's constitutional rights is generally entitled to qualified immunity for the performance of his or her discretionary functions, and is not automatically liable personally for unconstitutional conduct. *Carr v. Tatangelo,* 338 F.3d 1259, 1266–67 (11th Cir. 2003). To hold the government employee personally liable for a constitutional violation committed by the employee, Plaintiff Michael Mladek must prove that the employee violated a clearly established constitutional right of which a reasonable person would have known. *See, e.g., Chesser v. Sparks,* 248 F.3d 1117, 1122 (11th Cir. 2001).

The first inquiry in deciding a motion to dismiss a § 1983 claim, therefore, is to determine whether Plaintiff Michael Mladek has sufficiently alleged a constitutional violation. If he has not, then those claims must be dismissed. If Mr. Mladek has adequately alleged a constitutional violation, then the Court must examine whether he has alleged a basis for liability on the part of the local government. Finally, to determine whether the government employee who allegedly committed the constitutional violation is personally liable, the Court must analyze whether Mr. Mladek has alleged sufficient facts to establish a violation of a clearly established constitutional right, thus overcoming the employee's qualified immunity defense.

## I. Mr. Mladek's Fourth Amendment Claims

### A. The Constitutional Violation

■■■ The Fourth Amendment to the U.S. Constitution declares in part that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated . . . ." Plaintiffs contend that Deputy Day violated Mr. Mladek's right to be free from unreasonable seizure when he used excessive force during and subsequent to his arrest. " 'The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest.' " *McCormick v. City of Fort Lauderdale,* 333 F.3d 1234, 1244 (11th Cir. 2003) (quoting *Lee v. Ferraro,* 284 F.3d 1188, 1197 (11th Cir.2002)). Although there is necessarily some use of force involved in the course of any arrest, the use of such force must be "reasonably proportionate to the need for that force, which is measured by the severity of the crime, the danger to the officer, and the risk of flight." *McCormick,* 333 F.3d at 1244 (quoting *Lee,* 284 F.3d at 1198). Whether the use of force was reasonable must be determined " 'on a case-by-case basis from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.' " *McCormick,* 333 F.3d at 1244 (quoting *Vinyard v. Wilson,* 311 F.3d 1340, 1347 (11th Cir.2002)). In this case, Mr. Mladek claims that his Fourth Amendment rights were violated on three separate occasions: when he was pushed three times by Defendant Day in front of his house; when Defendant Day "violently" handcuffed him and "slung" him by his handcuffed wrist; and when Defendant Day pushed him up against a wall at the Walton County Jail.

Mr. Mladek has alleged no physical injury as a result of being pushed either at his house or in the Walton County Jail. Therefore, the Court finds that the three "pushes" in front of his house and the "push" against the wall at the jail were not sufficiently severe to rise to the level of excessive force as contemplated by the

protection of the Fourth Amendment. *See, e.g., Rodriguez v. Farrell,* 280 F.3d 1341, 1352 (11th Cir.2002) (holding that painful handcuffing, without resulting significant injuries, is not excessive force).

 Mr. Mladek does allege that he suffered painful injury as a result of being handcuffed. The Court finds it doubtful that the handcuffing of Mr. Mladek, if done during a valid arrest, constitutes excessive force in violation of the Fourth Amendment. Plaintiffs argue, however, that the use of *any* force by Defendant Day is a violation of the Fourth Amendment because Day, according to the allegations in Plaintiffs' Complaint, had no justification for his arrest of Mr. Mladek in the first place. *See, e.g., Sheth v. Webster,* 145 F.3d 1231 (11th Cir.1998); *Thornton v. City of Macon,* 132 F.3d 1395 (11th Cir. 1998). Defendants respond that Plaintiffs' argument must be rejected because Mr. Mladek pled guilty to and was convicted of the offense of obstruction of justice, and thus cannot now maintain a cause of action that would directly or indirectly invalidate his conviction. *See Harden v. Pataki,* 320 F.3d 1289 (11th Cir.2003) (holding that there can be no cause of action under § 1983 that would directly or indirectly invalidate a conviction and sentence); *see also Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that a § 1983 claimant who is contesting the lawfulness of government action that, if declared unlawful, would render a conviction or sentence invalid, must first expunge himself of conviction).

Notwithstanding Defendants' statement in their briefs that Mr. Mladek pled guilty and was convicted of obstruction of justice, there is nothing in Plaintiffs' Complaint, which must be construed liberally as true, to support this contention by Defendants. Moreover, Defendants at this stage of the proceedings have submitted no evidence of the plea or conviction. It is simply not part of the current record.[2] Therefore, for purposes of Defendants' motion to dismiss, the current record before the Court establishes that Defendant Day violently handcuffed Mr. Mladek, with no justification whatsoever, and that the handcuffing caused painful physical injury. The Court finds that these allegations state a violation of the Fourth Amendment. To determine whether this violation gives rise to liability, the Court must next determine whether sufficient facts have been alleged to impose liability upon Defendant Walton County for Defendant Day's alleged unconstitutional conduct and whether Plaintiffs have alleged sufficient facts to overcome Defendants Day and Yarbrough's qualified immunity defense.

## B. Walton County's Liability

 Section 1983 does not impute vicarious liability upon local governments for the unconstitutional conduct of their employees. *Griffin,* 261 F.3d at 1307. To establish local government liability, Plaintiffs must establish that the constitutional violation resulted from a policy or custom of the local government. In deciding a motion to dismiss, the Court must initially determine whether Plaintiffs have sufficiently alleged that their constitutional rights were violated because of the local government's policy or custom. In this case, Plaintiffs have made such allegations in their Complaint. Therefore, the Court finds that Plaintiff Michael Mladek has stated a claim against Walton County for

---

2. The Court recognizes that for any evidence of the plea and/or conviction to be considered, the Court must treat Defendants' motion as one for summary judgment instead of a motion to dismiss. Furthermore, Plaintiff would be entitled to respond to any such motion. However, the fact that more work may be required before the issue is ripe for resolution does not authorize the Court to create a record prematurely.

the violation of his Fourth Amendment right to be free from unreasonable seizure. This does not end the inquiry, however.

The Eleventh Circuit has recently held in a divided decision that Georgia sheriffs and their deputies are entitled to official immunity under the Eleventh Amendment to the Constitution for claims arising from their use of "force policies" in the operation of county jails. *Manders v. Lee,* 338 F.3d 1304 (11th Cir.2003). The Eleventh Circuit's ruling, however, is clearly not limited to the operation of jails. Based upon an exhaustive review of Georgia law, the Eleventh Circuit found that Georgia sheriffs act as "state officers" in a variety of functions and when they "wear these state hats," they are entitled to official immunity. The Eleventh Circuit explained that the proper inquiry is whether the Sheriff (or his deputy) acted for the state in the particular function at issue in the case. *Id.* at 1308–09. Although the precise function at issue in *Manders* was the implementation of a force policy in the operation of a county jail, the Eleventh Circuit made it clear that it found no distinction between that function and the law enforcement function performed by sheriffs when they arrest citizens for violations of the law. *Id.* at 1310, 1313. Therefore, the Court finds in this case that, based upon the rationale of *Manders,* Defendant Day was wearing a "state hat" at the time of Mr. Mladek's arrest and subsequent detention. The Court further finds that, insofar as Plaintiffs allege that Sheriff Yarbrough is liable for the manner in which Mr. Mladek was treated by Deputy Day, Sheriff Yarbrough was likewise wearing a "state hat." Therefore, both Day and Yarbrough are entitled to official immunity under the Eleventh Amendment for any claims brought against them in their official capacity. Moreover, the Court finds that Walton County is likewise entitled to such immunity based upon the rationale expressed in *Manders.* 338 F.3d

at 1308–09. Accordingly, Defendant Walton County's motion to dismiss Plaintiff Michael Mladek's Fourth Amendment claim against it is granted. Plaintiff Michael Mladek's Fourth Amendment claims against Deputy Day and Sheriff Yarbrough in their official capacities are likewise dismissed.

## C. Deputy Day's Personal Liability

Even if Deputy Day violated Mr. Mladek's Fourth Amendment rights, Deputy Day is not personally liable for any damages caused by his unconstitutional conduct unless Mr. Mladek overcomes his qualified immunity defense. To overcome that defense at this stage of the proceedings, Plaintiff Michael Mladek must allege that Deputy Day violated a well established constitutional right of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *see also Hutton v. Strickland,* 919 F.2d 1531, 1537 (11th Cir.1990).

> For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Hope v. Pelzer,* 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (internal citations and quotations omitted).

In this case, Mr. Mladek has alleged that Defendant Day, for no legitimate reason, "violently" handcuffed him, causing painful injuries to his wrist. The Court finds that Plaintiff Michael Mladek's allegations are sufficient to overcome De-

fendant Day's qualified immunity defense. Therefore, Defendant Day's motion to dismiss Plaintiff Michael Mladek's claim against Day in his individual capacity is denied.[3]

## II. Mr. Mladek's Eighth Amendment Claims

■ Plaintiffs also contend that Mr. Mladek's Eighth Amendment rights were violated based upon denial of medical care and other mistreatment as a pretrial detainee. Plaintiff Michael Mladek's Eighth Amendment claims are not cognizable since he was a pretrial detainee and not a convicted prisoner. Any such claims must be asserted as a violation of substantive due process under the Fourteenth Amendment. *Carr*, 338 F.3d at 1274 (holding that there is "a general constitutional right to medical care under the cruel and unusual punishment clause of the Eighth Amendment for convicted prisoners and under the substantive due process clause for pre-trial detainees under the Fourteenth Amendment"). The Court finds that Plaintiffs' Eighth Amendment claims must be dismissed because Mr. Mladek was not convicted of any crime at the time

that these acts about which he complains occurred.[4]

## III. Mr. Mladek's Fourteenth Amendment Claims

■ The only Fourteenth Amendment violation alleged by Plaintiffs is based upon Mr. Mladek's treatment while he was a pretrial detainee at the Walton County Jail.[5] These claims are asserted against Defendants Walton County, Sheriff Yarbrough, Deputy Day, and five "John Doe" defendants.

■ "[T]he Fourteenth Amendment substantive due process clause 'require[s] the responsible government or governmental agency to provide medical care to persons ... who have been injured while being apprehended by the police.'" *Carr*, 338 F.3d at 1274 (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983)). Pretrial detainees may prove a Fourteenth Amendment substantive due process claim based upon denial of medical care by showing that the government was deliberately indifferent to a detainee's serious medical needs. *Anderson v. City of Atlanta*, 778 F.2d 678, 686–87 (11th Cir.1985). "Deliberate indifference to serious medical needs

**3.** Insofar as Plaintiffs assert a claim against Sheriff Yarbrough in his individual capacity for a violation of Plaintiff Michael Mladek's Fourth Amendment rights, the Court finds that Plaintiffs' Complaint does not sufficiently allege a constitutional violation by Sheriff Yarbrough, nor does it allege sufficient facts to overcome Sheriff Yarbrough's qualified immunity. Therefore, any such Fourth Amendment claim against Defendant Yarbrough is dismissed. Moreover, as explained hereinabove, Sheriff Yarbrough and Deputy Day are entitled to Eleventh Amendment immunity as to any Fourth Amendment claims brought against them in their official capacities.

**4.** It would appear that Walton County and Sheriff Yarbrough would be entitled to official immunity pursuant to the Eleventh Amend-

ment for Plaintiffs' Eighth Amendment claims. *See Manders v. Lee*, 338 F.3d 1304 (11th Cir.2003). However, in light of the Court's finding that Plaintiffs have failed to sufficiently allege an Eighth Amendment violation, it is unnecessary for the Court to enter *Manders'* murky waters regarding Plaintiffs' Eighth Amendment claim.

**5.** Excessive force claims are analyzed under the "reasonableness" standard of the Fourth Amendment and not the "substantive due process approach" of the Fourteenth Amendment. *See Carr*, 338 F.3d at 1267, n. 1515 (citing *Graham*, 490 U.S. at 395, 109 S.Ct. 1865). Therefore, insofar as Plaintiff attempts to assert his excessive force claim pursuant to the Fourteenth Amendment, that claim is dismissed.

may be shown by failure to provide prompt attention to those needs by delaying necessary medical treatment for nonmedical reasons or by 'proving a policy of deficiencies in staffing or procedures such that the [pretrial detainee] is effectively denied access to adequate medical care.'" *Thomas v. Town of Davie,* 847 F.2d 771, 772–73 (11th Cir.1988) (quoting *Anderson,* 778 F.2d at 686 n. 12). "In our circuit, a serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir.2003) (internal quotations omitted). In either case, this "serious medical need" must be established as "one that, if left unattended, 'pos[es] a substantial risk of serious harm.'" *Taylor v. Adams,* 221 F.3d 1254, 1258 (11th Cir. 2000) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). Plaintiffs have failed to allege in their Complaint that Mr. Mladek was placed in substantial risk of serious harm. At most, Plaintiffs have alleged that Mr. Mladek's wrist injury was painful, that Defendants delayed at least three to four hours before giving him ice for his wrist, and that he was released within a day of his arrest, with no doctor being called to evaluate his injuries. The Court finds that these allegations fail to assert that Defendants were deliberately indifferent to Mr.

Mladek's "serious medical needs." *See, e.g., Wesson v. Oglesby,* 910 F.2d 278, 284 (5th Cir.1990) (holding that an inmate's swollen and bleeding wrists from handcuffing did not constitute serious medical need). Therefore, Defendants' Motion to Dismiss is granted as to Plaintiffs' Fourteenth Amendment claim.[6]

## CONCLUSION

Defendants' motion to dismiss Plaintiff Michael Mladek's Fourth Amendment excessive force claim against Deputy Day in his individual capacity arising from the handcuffing of Mr. Mladek is denied. Defendants' motion to dismiss each of Plaintiffs' remaining federal claims is granted for the reasons set forth in this Order. Since Plaintiff Michael Mladek's Fourth Amendment claim against Deputy Day remains pending, the Court will continue to exercise supplemental jurisdiction over Plaintiffs' state law claims.[7]

---

**6.** In light of this ruling, the Court finds it unnecessary to determine whether the individual Defendants are entitled to qualified immunity as to Plaintiffs' Fourteenth Amendment claim. Moreover, the Court observes again that Walton County and Defendants Day and Yarbrough, in their official capacities, are likely entitled to official Eleventh Amendment immunity as to Plaintiffs' Fourteenth Amendment claims. *See Manders v. Lee,* 338 F.3d 1304 (11th Cir.2003). However-

er, having found no constitutional violation, the Court need not resolve this thorny issue.

**7.** The Court notes that Defendants did not seek dismissal of Plaintiffs' state law claims on the merits but simply requested that the Court decline to exercise supplemental jurisdiction over them presumably based upon their contemplation that the Court would dismiss all of Plaintiffs' federal claims.