[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11406

_____

D. C. Docket No. 06-22186-CV-JLK

KALOE SHIPPING CO. LTD.,

Plaintiff-Counter-
Defendant-Appellant,

versus

GOLTENS SERVICE COMPANY, INC.,

Defendant-Counter-
Claimant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 27, 2009)

Before HULL, WILSON and HILL, Circuit Judges.

PER CURIAM:

Kaloe Shipping Company appeals the district court's dismissal with

prejudice of its amended complaint against Goltens Service Company.  Goltens performed repair work on the *M/V Inzenieris Neciporenko* ("vessel"), a commercial vessel owned by Kaloe.  The district court determined, in granting Goltens' motion to dismiss with prejudice, that Kaloe's amended complaint failed to cure the deficiencies in the original complaint and that further amendment would be futile.  After review and oral argument, we find that, with an opportunity to amend, Kaloe may be able to state claims against Goltens.  Accordingly, we vacate the district court's grant of Goltens' motion to dismiss with prejudice, and we remand for further proceedings.

## I. BACKGROUND

Between late 2005 and early 2006, Goltens contracted with ADG Shipmanagement to install a remanufactured crankshaft in the vessel's main engine while the vessel was in Freeport, Bahamas.  After Goltens finished the installation, the vessel sailed to Rio Haina, Dominican Republic, and then to San Juan, Puerto Rico.  En route from Rio Haina to San Juan, the vessel's engine overheated, and it was towed back to Rio Haina.  The vessel underwent a second set of repairs by Wartsilla, a repair company unaffiliated with Goltens.

Goltens had the vessel arrested in Rio Haina based on outstanding invoices for repairs done in Freeport.  After Wartsilla finished repairing the vessel in Rio

Haina and the vessel was released from arrest, she sailed for St. Eustatius. The vessel's engine again overheated en route. The vessel was towed to St. Maarten, where she was again repaired by Wartsilla and arrested by Goltens for unpaid invoices. Following the repairs in St. Maarten and another negotiated release of the vessel from arrest, the vessel departed and was soon thereafter sold for scrap.

On August 31, 2006, Kaloe filed its original complaint against Goltens, alleging (1) breach of contract, (2) negligence, and (3) wrongful arrest of the vessel. Goltens did not move to dismiss Kaloe's original complaint. Instead, it answered and filed counterclaims against Kaloe for (1) breach of contract, (2) unpaid invoices, and alternatively (3) *quantum meruit* for the reasonable market value of the work performed on the vessel.

After the parties had completed a year-long discovery and the deadline for filing motions had passed, the district court held a final pretrial conference on September 14, 2007. Kaloe's attorney did not attend the conference because he was observing a religious holiday that day. The attorney sent a substitute from his law firm, who was admittedly unfamiliar with the case and, thus, had only a limited ability to participate in the discussion. During the conference, the district court determined that neither party's pleadings contained sufficient facts to state claims that could proceed to trial. The court *sua sponte* dismissed the parties'

3

claims without prejudice, allowing them to amend.

Kaloe timely filed an amended complaint. Goltens moved to dismiss the amended complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and under Rule 12(b)(7) for failure to join ADG as a party. The district court found that Kaloe's amended complaint simply incorporated the original complaint's allegations and added conclusory statements of law. Concluding that further amendment would be futile, the court granted Goltens' motion to dismiss with prejudice. Kaloe appeals.

## II. STANDARDS OF REVIEW

Two standards of review govern this appeal. "We review *de novo* the dismissal of a complaint pursuant to [Rule] 12(b)(6). The plaintiff's factual allegations are accepted as true. Dismissal is not appropriate unless it is plain that the plaintiff can prove no set of facts that would support the claims in the complaint." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (internal citations omitted). We review for an abuse of discretion "[a] district court's decision to grant or deny leave to amend" a complaint. *Jennings v. BIC Corp.*, 181 F.3d 1250, 1254 (11th Cir. 1999).

## III. DISCUSSION

Kaloe argues that the district court erred by finding that its amended

4

complaint failed to state claims for breach of contract, negligence, and wrongful arrest of the vessel. Alternatively, Kaloe argues that the district court abused its discretion by denying leave to amend its amended complaint.

When ruling on a Rule 12(b)(6) motion to dismiss, the court considers whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007). "When reviewing an order granting a motion to dismiss for failure to state a claim, this court must accept the facts as pleaded to be true and resolve them in the light most favorable to the plaintiff." *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 702 (11th Cir. 1985).

"An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (quotation omitted). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." FED. R. CIV. P. 10(c). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (quotation omitted) (alteration in original).

5

## A. Kaloe's Standing

A party must have standing to maintain a claim. "[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 2205 (1975). Kaloe would have standing to maintain a breach of contract claim against Goltens on ADG and Goltens' contracts if Kaloe had an agency relationship with ADG. *See Ford v. Williams*, 62 U.S. (21 How.) 287, 289 (1858) ("The contract of the agent is the contract of the principal, and he may sue or be sued thereon, though not named therein.").

Kaloe argues that its amended complaint sufficiently alleges an agency relationship between Kaloe and ADG. The amended complaint alleges that "[t]he parties [Kaloe and Goltens] entered a series of written contracts for the repairs to the [vessel's] engine's component parts." (Amended Compl. ¶ 12). It further alleges that "[e]ach of these agreements w[as] reduced to writing and executed by the parties *or their respective agents*." (Amended Compl. ¶ 13) (emphasis added). It includes as attachments copies of the contracts between ADG and Goltens on which Kaloe has filed suit. The contracts state that ADG signed on behalf of the vessel's owner.

Although the amended complaint alleges that Kaloe is the vessel's owner,

6

but fails to identify who the parties' agents are or even mention ADG by name, Kaloe nonetheless has pleaded enough facts, the amendment of which could allege that ADG was Kaloe's agent. Since Kaloe may be able to allege an agency relationship with ADG, and thus have standing to sue on ADG and Goltens' contracts, we conclude that the district court abused its discretion by finding that amendment would be futile.

### B. Breach of Contract Claim

Since we conclude that amendment would not be futile, we also conclude that Kaloe may be able to state a breach of contract claim. "The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co.*, 175 F.3d 913, 914 (11th Cir. 1999) (per curiam).

In addition to alleging the contracts' existence, Kaloe alleges that "Goltens materially breached this contract . . . when it failed to properly perform the work contracted for and the Vessel failed as a result of their shoddy work . . . ." (Amended Compl. ¶ 51); and that "Kaloe has been damaged from this breach and is entitled to recover the damages resulting therefrom . . . ." (Amended Compl. ¶ 52).

Goltens argues that Kaloe's allegations fail to state a breach of contract

7

claim. In so arguing, Goltens seems to focus primarily on the valid-contract element. First, Goltens argues that the contracts are not susceptible to interpretation. Second, Goltens argues that Kaloe failed to join ADG, the party with whom Goltens signed the contracts, as an indispensable party to the claim. Finally, Goltens argues that further amendment would be futile because the contracts insufficiently give rise to a claim, the parties have completed discovery, and there are no more contracts to be discovered that could give rise to a breach of contract claim. All three arguments fail. We address each in turn.

### 1. Are the Contracts Susceptible to Interpretation?

In suggesting that the contracts are not susceptible to interpretation, Goltens appears to rely on the district court's doubts expressed at the pre-trial conference. But in so doing, Goltens overlooks the scope of our review here. In stating during the pre-trial conference that "I am not sure you all have a contract that is susceptible of interpretation," (R:82:26), the district court was not considering only the plausibility of the amended complaint's allegations. The court was also considering the parties' pre-trial stipulations and preparing the case for trial. The court explained:

> But now we are off into not a question of whether or not
> the drive shaft got repaired properly, which was the basis
> of the contract. We are off into all this Mickey Mouse
> stuff about whether or not people had qualified people or

8

> not. . . .

> The basic issue here is whether or not the drive shaft got installed properly and the boat steamed off and it worked. That is why all this stuff you have in here in one of your pretrial stips about whether or not they got fed, and if so how much, and how much they paid for it . . . .

(R:82:25-26).

Since Kaloe appeals the district court's Rule 12(b)(6) dismissal for failure to state a claim, we focus only on the legal sufficiency of Kaloe's amended complaint and the exhibits attached to it. *See Twombly*, 127 S. Ct. at 1974; FED. R. CIV. P. 10 (c). The contracts attached to Kaloe's amended complaint list the repair services that Goltens promised to render. They specify the amounts of compensation that ADG promised to pay for those services. They are also signed by representatives from both ADG and Goltens.

The susceptibility of these contracts to interpretation does not, contrary to Goltens' suggestion at oral argument, require that they contain specific remedies for breach. Contract law provides those. *See* RESTATEMENT (SECOND) OF CONTRACTS § 1 (1981) (defining "contract" as "a promise or set of promises for the breach of which *the law gives a remedy*, or the performance of which the law in some way recognizes as a duty") (emphasis added). We conclude, in light of the foregoing, that these contracts are valid and susceptible to interpretation.

9

## 2. Is ADG an Indispensable Party?

Goltens prematurely asserts that ADG is an indispensable party whose absence would subject Kaloe's amended complaint to dismissal. The term "indispensable" is not an *a priori* classification. Rather, a court determines whether a party is "indispensable"[1] by applying Rule 19(b). Under Rule 19(b), "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b). An involuntary dismissal for a party's failure to join a party under Rule 19 is not an adjudication on the merits. FED. R. CIV. P. 41(b). The dismissal is reviewed on appeal for an abuse of discretion. *See W. Peninsular Title Co. v. Palm Beach County*, 41 F.3d 1490, 1492 (11th Cir. 1995) (per curiam).

Goltens moved to dismiss Kaloe's amended complaint not only under Rule 12(b)(6) for failing to state a claim but also under Rule 12(b)(7) for failing to join a party. The district court appears to have granted Goltens' motion to dismiss under

---

[1]"Former Rule 19(b) described the conclusion that an action should be dismissed for inability to join a Rule 19(a) party by carrying forward traditional terminology: 'the absent person being thus regarded as indispensable.' 'Indispensable' was used only to express a conclusion reached by applying the tests of Rule 19(b). It has been discarded as redundant." FED. R. CIV. P. 19 advisory committee's note (2007).

Rule 12(b)(6) without considering Goltens' Rule 12(b)(7) argument and engaging in a Rule 19(b) analysis.  The court concluded that Kaloe's amended complaint, like its original complaint:

> has . . . failed to allege necessary factual allegations to support its breach of contract, negligence, and wrongful arrest claims. [Kaloe] has failed to cure any of the deficiencies contained in his [sic] original Complaint and discussed at the Pretrial Conference.  It has instead simply incorporated the allegations from its original Complaint into its Amended Complaint and added thereto more conclusory statements of law.  As such, [Kaloe's] Amended Complaint fails to allege a valid cause of action by setting forth facts sufficient to support a case against [Goltens].  The Court concludes that permitting further amendment would be futile.

*Kaloe v. Goltens*, No. 06-22186-CIV-KING, slip. op. at 4-5 (S.D. Fla. Feb. 29, 2008).

In granting Goltens' Rule 12(b)(6) motion to dismiss with prejudice, the district court appears not to have reached the issue whether Kaloe's amended complaint should be dismissed for failing to join ADG as a party.  Consequently, we have no district court decision on Goltens' Rule 12(b)(7) motion to review for an abuse of discretion.

### 3.  Would Further Amendment Be Futile?

Further amendment would not be futile.  Kaloe's amended complaint alleges that it executed the contracts either on its own or through an agent.  (Amended

11

Compl. ¶ 13). The attached contracts indicate that ADG signed on behalf of the vessel's unidentified owner. After taking the pleaded facts as true, resolving those facts in the light most favorable to Kaloe, and considering that Kaloe and Goltens engaged in a year-long discovery before the court dismissed Kaloe's amended complaint with prejudice, we find no "substantial reason to deny leave to amend." *Thomas*, 847 F.2d at 773 (quotation omitted). Thus, we conclude that the district court abused its discretion by finding that further amendment would be futile.

## C. Negligence and Wrongful Arrest Claims

Since we are remanding this case to the district court to allow Kaloe a second opportunity to amend its complaint, we decline at this juncture to address the legal sufficiency of its negligence and wrongful arrest claims.

## IV. CONCLUSION

We VACATE the district court's order dismissing Kaloe's amended complaint with prejudice. We REMAND for further proceedings consistent with this opinion. We leave it to the district court to decide in the first instance whether Kaloe's second amended complaint, if Kaloe files one, properly states any claims.

**VACATED and REMANDED.**