[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11076
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cv-00287-LC-GRJ

MARTINEZ LUIS ALBERTO,

                                                    Plaintiff-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, and
SECRETARY, WASHINGTON STATE
DEPARTMENT OF CORRECTIONS,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 30, 2019)

Before WILSON, GRANT, and HULL, Circuit Judges.

PER CURIAM:

Martinez Luis Alberto, a Washington state inmate serving his sentence in a Florida state prison, appeals the dismissal of his 42 U.S.C. § 1983 complaint alleging violation of his constitutional right of access to the courts. Specifically, Alberto states that he has been denied access to Washington legal materials that he needs in order to attack his conviction. After careful review, we vacate and remand with instructions to grant Alberto leave to amend his complaint.

I.

In 2006, Alberto was convicted in Washington of first-degree murder and second-degree assault with a firearm. He was sentenced to thirty-four years in prison and committed to the custody of the Washington State Department of Corrections (WDOC). On October 1, 2012, Alberto was transferred to the Florida Department of Corrections (FDOC) under an interstate compact agreement. Alberto wants to attack his Washington conviction, but he was transferred to Florida without any of his legal documents. He also has no access to Washington case law, statutes, or rules of procedure. Alberto claims to have exhausted his administrative remedies in seeking access to these legal materials. Neither the WDOC nor the FDOC has provided him with access to date.

On October 12, 2016, Alberto filed a *pro se* 42 U.S.C. § 1983 complaint seeking damages and injunctive relief for the violation of his constitutional right of access to the courts. He later amended that complaint as a matter of course on

2

January 23, 2017.  Both the original and amended complaints named two defendants: the Secretary of the Florida Department of Corrections, Julie Jones, and the Secretary of the Washington State Department of Corrections, Dan Pacholke.  Because Alberto was granted leave to proceed *in forma pauperis*, the district court was responsible for serving process on the defendants on his behalf.  *See* 28 U.S.C. § 1915(d).  A magistrate judge ordered marshals to serve process on the Florida Secretary.  The magistrate refused to direct service on the Washington Secretary, however, on grounds that Alberto was in FDOC custody and challenging FDOC policy.

The Florida Secretary moved to dismiss Alberto's complaint.  The magistrate issued a report and recommendation concluding that Alberto's damages claims were barred, and that he had failed to state a claim for injunctive relief because he did not articulate what "nonfrivolous, arguable underlying claim" he would bring if he had access to Washington legal materials.  The magistrate further determined that any amendment to the complaint would be futile because Alberto should have named the Washington Secretary, not the Florida Secretary, as a defendant.  The magistrate recommended dismissal of Alberto's case without leave to amend—that is, with prejudice.  Over Alberto's objections, the district court adopted the magistrate's report and dismissed the suit.

Alberto appealed and filed a motion for appointment of counsel, which this Court granted on September 5, 2018.  Alberto now argues that the district court imposed a "Catch-22" by demanding that he state a claim under Washington law, when lack of access to Washington law is the very constitutional violation for which he seeks relief.  He further maintains that the district court erred by dismissing his case without leave to amend, because he did in fact sue both the Washington Secretary and the Florida Secretary—at least one of whom, he argues, must have been a proper defendant.  Lastly, Alberto claims that if the Washington Secretary was the only proper defendant, then the district court abused its discretion by declining to transfer his case to a federal district court in Washington.

## II.

We review a district court's denial of leave to amend for abuse of discretion. *Santiago v. Wood*, 904 F.2d 673, 675 (11th Cir. 1990).  "A district court's discretion to deny leave to amend a complaint is 'severely restricted' by Fed. R. Civ. P. 15, which stresses that courts should freely give leave to amend 'when justice so requires.'"  *Woldeab v. Dekalb Cty. Bd. of Educ*., 885 F.3d 1289, 1291 (11th Cir. 2018) (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)).  In addition, when a more carefully drafted complaint might state a claim, a *pro se* litigant "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  *Id*.

A court may nevertheless dismiss a *pro se* complaint with prejudice where any amendment would be futile—that is, where even "a more carefully drafted complaint could not state a claim." *Id.* We review the futility of an amendment *de novo. See Brooks v. Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015). Here, the court below determined that any amendment to Alberto's complaint "would be futile because the sending state [Washington], and not the receiving state [Florida], has the responsibility for ensuring a prisoner has access to the courts of the sending state." Dismissal without leave to amend was appropriate, in the court's view, because "Washington State officials, and not Florida correctional officials," were the "proper defendants."

This was error. The fact that a complaint named the wrong defendant does not render subsequent amendments futile. On the contrary, we have previously said that a *pro se* plaintiff's failure to include a proper defendant is a curable defect. *Woldeab*, 885 F.3d at 1291-92 (holding that a *pro se* plaintiff should have been given "the opportunity to amend to name the proper defendant before the court dismissed with prejudice"). This is the case even if the district court believes that merely "amending to include the proper defendant would not save the complaint." *Id.* Where "a more carefully drafted complaint, which includes more specific allegations against the correct defendant, *might* state a . . . claim," the plaintiff should be granted leave to amend. *Id.* And we cannot say that Alberto, if

5

given the chance to amend his complaint, could not include additional allegations stating a claim.

Moreover, at least by the district court's own reasoning, Alberto did not fail to sue the proper defendant. The operative complaint clearly identifies the Washington Secretary as a defendant. It was the district court that declined to serve the Washington Secretary, on grounds that only the Florida Secretary was a proper defendant—the opposite of the position it later adopted in granting the motion to dismiss. *In forma pauperis* litigants "should be entitled to rely on the court officers and United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009) (quoting *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990)). For the court to turn around and fault Alberto for proceeding against the wrong defendant was unfair and inaccurate.[1]

Accordingly, we vacate the judgment and remand with instructions to grant Alberto an opportunity to amend his complaint. We do not consider in this opinion whether the Washington Secretary or the Florida Secretary is a proper defendant in this case. We also leave it to the district court to determine in the first instance

---

[1] The FDOC makes much of the fact that the Washington Secretary was never served, yet failed to bring to the Court's attention that the district court, not Alberto, was responsible for serving process in this case. Counsel is reminded of the duty of candor to this tribunal.

whether it has jurisdiction over the Washington Secretary, or whether transfer to a district court in Washington is appropriate.  Finally, we make no ruling on whether Alberto articulated a sufficient injury to state a claim of access to the courts.  We do note, however, that Alberto was both *pro se* and an incarcerated inmate when he filed his complaint.  We also note that Alberto seeks access to only five Washington state court opinions, as well as a limited number of other documents—the same documents, perhaps, that he would need in order to articulate a claim under Washington law.

**VACATED and REMANDED.**