[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11789

_____

SEAN SHEFFLER,
on behalf of himself and all others
similarly situated,
TY BAUGH,
BELINDA GOSS,
TRAVIS ROGERS,

                                        Plaintiffs-Appellants,

*versus*

AMERICOLD REALTY TRUST,
a Maryland corporation,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-01075-TCB

_____

Before WILSON and JILL PRYOR, Circuit Judges, and COVINGTON,[*] District Judge.

COVINGTON, District Judge:

The plaintiffs appeal from the district court's order granting Americold Realty Trust's Rule 12(b)(6) motion to dismiss and the court's order denying the plaintiffs' post-dismissal Rule 59(e) motion seeking leave to file a second amended complaint. The plaintiffs' sensitive personally identifiable information (PII) was allegedly exposed in a data breach incident, and the plaintiffs brought claims for negligence and breach of implied contract. We recently reversed the dismissal of a similar negligence claim in a data breach class action, *Ramirez v. The Paradies Shops, LLC*, __ F.4th __, No. 22-12853 (11th Cir. June 5, 2023), but we do not reach that issue in this case. Instead, with the benefit of oral argument, we reverse the denial of leave to amend and remand so the plaintiffs can proceed on their second amended complaint.

_____

[*] Honorable Virginia M. Covington, United States District Judge for the Middle District of Florida, sitting by designation.

## I.    BACKGROUND

Sean Sheffler sued Americold on behalf of himself and a class of other current or former Americold employees who allegedly had their PII improperly accessed during a ransomware attack on Americold's systems. Shortly after Americold's first motion to dismiss, Sheffler amended his complaint as of right, adding three named plaintiffs.

Americold then renewed its Rule 12(b) motion to dismiss, arguing that no relevant state had recognized a common law negligence duty to safeguard PII, the plaintiffs had not suffered a cognizable injury, and the economic loss bar precluded recovery. It also argued the plaintiffs failed to allege a meeting of the minds to establish an implied contract.[1]

The plaintiffs later requested leave to file a sur-reply to the motion to dismiss to address *Purvis v. Aveanna Healthcare, LLC*, 563 F. Supp. 3d 1360 (N.D. Ga. 2021), in which another district court had recently discussed negligence and the duty to safeguard PII under Georgia law. In opposing leave, Americold mentioned in a footnote that the plaintiffs had not included similar foreseeability allegations to those in *Purvis*.

The district court permitted the plaintiffs to file the sur-reply, but it granted Americold's motion to dismiss. The court

---

[1] The plaintiffs also asserted claims for invasion of privacy and breach of confidence but withdrew those claims in response to Americold's motion to dismiss.

concluded the plaintiffs' negligence claim failed because their fore-seeability allegations were less specific than those in *Purvis*. The court also agreed with Americold on the breach of implied contract claim.

The plaintiffs timely moved "pursuant to Fed. R. Civ. P. 59(e) and 60(b)" for an order vacating the dismissal and allowing them leave to file a second amended complaint. They argued that leave to amend should be granted liberally even after dismissal. The proposed second amended complaint, which was attached, would have added more specific allegations about the foreseeability of a data breach.

The district court noted there is some ambiguity regarding the standard for a post-judgment motion for leave to amend, but it ultimately agreed with Americold that the plaintiffs needed to meet the stringent standards of Rules 59 and 60, not the more lenient standard of Rule 15. Because the plaintiffs failed to meet this stringent standard, the court denied leave to amend.

## II.    DISCUSSION

On appeal, the plaintiffs contend, among other things, that the district court erred by using the stringent Rule 59(e) standard, rather than the lenient Rule 15 standard.

We review the denial of a post-dismissal motion for leave to file an amended complaint for abuse of discretion. *See Spanish Broad. Sys. of Fla. v. Clear Channel Commc'ns*, 376 F.3d 1065, 1077 (11th Cir. 2004). That said, the abuse of discretion standard in this context is not entirely clear. *Compare Thomas v. Davie*, 847 F.2d 771,

22-11789                Opinion of the Court                5

773 (11th Cir. 1988) (discussing the limits on a district court's discretion in denying leave to amend), *with Cason v. Seckinger*, 231 F.3d 777, 786–87 (11th Cir. 2000) (explaining that the question before this Court on review is whether the district court's decision was a clear error of judgment, not whether we would grant leave to amend). In any event, a court abuses its discretion if the judge fails to apply the proper legal standard. *E.g.*, *United States v. Shaygan*, 652 F.3d 1297, 1310 (11th Cir. 2011).

Although Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when justice so requires, the right to amend under Rule 15 terminates once a complaint is finally dismissed. *See Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers*, 724 F.2d 1552, 1554–56 (11th Cir. 1984); *see also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (stating that Rule 15(a) has no application after judgment is entered).

Instead, a plaintiff may move for relief under Rule 59(e) by asking the district court to vacate its judgment based on proposed amendments. *Spanish Broad. Sys. of Fla.*, 376 F.3d at 1077; *Czeremcha*, 724 F.2d at 1556. As the plaintiffs argue, our earliest binding precedent provides that the "same" liberal amendment standard also applies to a Rule 59(e) motion seeking leave to file an amended complaint.[2] *Spanish Broad. Sys. of Fla.*, 376 F.3d at 1077 (explaining

---

[2] The district court relied on an unpublished panel decision—*OJ Commerce, LLC v. Ashley Furniture Industries, Inc.*, 817 F. App'x 686, 693 (11th Cir. 2020)—when it applied the more stringent Rule 59(e) standard. But we do not find *OJ Commerce* persuasive because it did not discuss the *Czeremcha* line of cases and,

that "leave to amend must be granted absent a specific, significant reason for denial," such as futility of amendment or undue delay, and the same standards apply to motions seeking amendment through Rule 59(e)); *Thomas*, 847 F.2d at 773 ("[A] district court's discretion to dismiss a complaint without leave to amend is 'severely restrict[ed]' by Fed.R.Civ.P.15(a), which directs that leave to amend 'shall be freely given when justice so requires.' [U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. The same standards apply when a plaintiff seeks to amend after a judgment of dismissal has been entered by asking the district court to vacate its order of dismissal pursuant to Fed.R.Civ.P.59(e).") (citations and internal quotation marks omitted). *Accord Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98, n.1 (5th Cir. Nov. 5, 1981).

Americold argues that policy considerations of finality and judicial efficiency nevertheless weigh against allowing the plaintiffs to take a "wait and see" approach, that is, making a tactical decision to wait to add factual allegations until after the court ruled on the Rule 12(b)(6) motion. When we asked the plaintiffs about this at oral argument, they pointed out that the district court created a new legal standard for data breach negligence claims that Americold had not presented in its motion to dismiss. Indeed, the plaintiffs would have been hard-pressed to predict that they might need to amend their complaint to add more specific foreseeability

---

instead, cited the stringent Rule 59(e) standard from cases in which leave to amend was not at issue.

allegations in response to Americold's renewed motion to dismiss. Moreover, in denying leave to amend, the district court did not find that the proposed amendment would be futile, that there was undue delay, or that Americold would be prejudiced by the amendment.[3] *See Thomas,* 847 F.2d at 773 (discussing reasons to deny leave to amend). And our recent opinion in *Ramirez* has undermined the dismissal of the plaintiffs' negligence claim.

In light of the more liberal amendment standard, the unusual procedural history of this case, and our intervening *Ramirez* decision, we **VACATE** the district court's dismissal of the action and **REMAND** with instructions to grant the plaintiffs' motion for leave to amend.

---

[3] The district court alternatively denied the motion to amend because it found the motion was untimely and the plaintiffs had not shown good cause for an extension. Even assuming the scheduling order actually adopted the 30-day window for amendments set forth in the parties' Joint Preliminary Report and Discovery Plan—and that is debatable—the unique procedural history of this case also constituted good cause to extend the time to file an amendment. *See* Fed. R. Civ. P. 16(b); *Sosa v. Airprint Sys.,* 133 F.3d 1417, 1418 (11th Cir. 1998).